CALDWELL McGRATH ET AL. v. A. G. SINCLAIR ET AL.

1. PARTNERSHIP.  *Real-estate assets.*
    Real estate held by a commercial firm as partnership assets, upon the dissolution of the partnership, as between the partners, vests in the individual members thereof, as tenants in common.

2. HOMESTEAD.  *Claimed by tenant in common.*
    A debtor is entitled, as against his creditors, to claim for his homestead property which he occupies as tenant in common, the occupancy being with the consent of his co-tenant; and his right is not affected by the nature of his estate, whether it be in fee-simple, for life, for years, or a mere possessory interest.

APPEAL from the Chancery Court of Washington County.
Hon. CHARLES CLARK, Chancellor.

On September 4, 1873, A. G. Sinclair and A. M. Sinclair, composing the firm of A. G. Sinclair & Co., executed a deed in trust upon a house and lot to Caldwell McGrath, as trustee

for Pristidge, Graham & Co., to secure advances in money to be made by the latter to A. G. Sinclair & Co. Sinclair & Co. having made default in the payment of the debt secured by the deed in trust, the trustee advertised the house and lot for sale, to satisfy the debt. But before the day of sale arrived, A. G. Sinclair, Carrie I. Sinclair, his wife, and A. M. Sinclair filed their bill in chancery and obtained an injunction prohibiting the sale. The bill alleged that, at the time the deed in trust was given, the property was occupied by A. G. Sinclair and his family as a homestead, and that his wife, Carrie I. Sinclair, did not join in the execution of the deed; and the complainants claimed that she could not be deprived of a homestead for herself and family by that deed. Upon final hearing, the chancellor rendered a decree perpetually enjoining the trustee against selling the one-half interest of A. G. Sinclair in the house and lot, but dissolving the injunction as to A. M. Sinclair's one-half interest in the same; from which decree the defendants below appealed to this court.

*Percy & Yerger*, for the appellants.

The property in question is shown to have been the property of A. G. Sinclair & Co., and the debt a partnership debt. Under any circumstances the property was bound for the debt as against the partners and all those deriving rights through them. As to creditors, it was impressed with the character of personalty. *Sykes* v. *Sykes*, 49 Miss. 216. It is a fallacy to suppose that one of the partners had any interest adverse to the partnership. It was not, and could not be, his homestead, in a legal sense, until the debts of the firm were paid; he could have no rights in it as against firm creditors; nor was it possible for the wife of one partner, who happened to reside on the property, to prevent the firm from free use of the same by her refusal to sign deeds relating thereto. A. G. Sinclair & Co., by their deed in trust, did no more than the law would have done: they imposed a trust on this property for the payment of their firm debts. The point has been explicitly decided by this court. *Robertshaw* v. *Hanway*, 52 Miss. 717.

*Frank Johnston*, for the appellees.

At and before the time when the partnership of A. G. Sinclair & Co. was formed, A. G. Sinclair and A. M. Sinclair held six-eighths of the land in controversy, as tenants in common. When the old firm of Ferguson & Co. was dissolved and its affairs settled, then the property resumed in all respects its character or *status* as real estate. *Dyer* v. *Clark*, 5 Metc. 562 ; *Thornton* v. *Dixon*, Bro. C. C. 200.

As to the six-eighths interest which the parties owned as tenants in common before the formation of the partnership, not bought with the assets of A. G. Sinclair & Co., this case comes clearly within the rule in *Kimbro.* v. *Alexander*, 49 Miss. 537. And as to the two-eighths interest, purchased of Ferguson by A. G. Sinclair and A. M. Sinclair with firm assets, I submit that real property does not become partnership assets simply from the fact that it is bought with partnership funds. It must be purchased, or used, for partnership purposes. *Wheatley's Heirs* v. *Calhoun*, 12 Leigh, 273 ; *Cox* v. *McBurney*, 2 Sandf. 566 ; 1 Pars. on Con. 149, sec. 11. Where partners buy land not necessary to their business, but for purposes outside of it, such land is held by them as tenants in common, and does not become partnership property. *Cader* v. *Huling*, 27 Pa. St. 84.

If the property was not partnership assets on September 4, 1874 (and the negative of this is clear), then Mrs. Sinclair's homestead exemption did not pass by the deed in trust, because it was not executed by her. Acts 1873, p. 78.

SIMRALL, C. J., delivered the opinion of the court.

Both parties to the appeal seem to concur that the only question involved is whether the house and lot, the subject in litigation, was partnership property in such sense as to defeat the homestead claim of A. G. Sinclair.

The history of the property is about this : In 1870, or 1871, the house and lot was purchased by Ferguson, Sinclair & Co., a commercial firm composed of E. V. Ferguson and A. M. and

A. G. Sinclair. This copartnership was dissolved sometime in 1873.

On January 6th of that year, E. V. Ferguson conveyed his interest in the property to A. G. Sinclair and A. M. Sinclair. The money, $500, was paid out of the funds of A. G. Sinclair & Co. a new firm, composed of A. G. and A. M. Sinclair.

It is to be inferred that the property was adapted to no other use than a residence. At the date of its purchase by Ferguson & Co., it had been used as a Methodist parsonage.

After its purchase by A. G. and A. M. Sinclair, A. G. Sinclair moved into the house and occupied it as a residence. In his deposition he says that, when the firm of A. G. Sinclair & Co. was formed, "there was an understanding between himself and partner that the house and lot should be his."

If the house and lot was partnership property in such sense as that the social creditors could subject it to their debts, then it would be dealt with as assets of the firm in a court of equity, and A. G. Sinclair and wife could not successfully hold it, or any part of it, as a homestead, against the mortgagees, Pristidge, Graham & Co. *Robertshaw* v. *Hanway*, 52 Miss. 713.

In *Alexander* v. *Kimbro.*, 49 Miss. 537, it was said to be the doctrine of the American cases generally, " that real estate not purchased with partnership funds does not become partnership property, though used for joint purposes, unless there is some agreement that it shall be so considered."

If real estate be acquired with partnership funds, for partnership purposes, or is put into the company as stock, by agreement, then it will be considered as joint property. *Finch* v. *Branch*, 16 Conn. 270 ; *Dyer* v. *Clark, Admr.*, 5 Metc. 573 ; *Scruggs* v. *Blair*, 44 Miss. 411, 412.

It might be true, under the facts disclosed in the record, that the property would have been liable to the creditors of T. V. Ferguson & Co. But that firm ceased to exist in 1873, and this property remained, and whatever may have been its liabilities to the creditors of the old firm, as between the members

of that firm it became subject to a complete legal ownership,. and the constituent members of that firm were tenants in com-- mon.   When A. G. Sinclair and A. M. Sinclair bought the interest of Ferguson, they took a deed to themselves individ- ually, and became tenants in common.   These purchasers were such tenants of two-thirds of the property when they formed the new partnership.   There is no agreement that it, should be contributed or held as joint stock in the new firm ; nor has it been shown that it was purchased for partnership- purposes.   The business of the firm was not conducted on the premises — it would appear to be unsuitable for such uses.

The mortgage or trust deed, to the extent that it incum- bered the property, operated upon the individual property of the grantors.

It would follow that the homestead might be claimed by A. G. Sinclair, as occupant with his family of the premises, unless the fact that he was a tenant in common with his. brother defeated it.   In several of the states — California, Indiana, Massachusetts, New Hampshire, and Wisconsin — in. such state of title the homestead exemption is denied.   In. Illinois, Iowa, Arkansas, Texas, and Vermont it is allowed. See cases cited in Smith on Homest. & Exempt., sec. 120.

Perhaps the better rule is laid down in *Smith* v. *Deschau- mes*, 37 Texas, 420, that the homestead may be acquired in the common property with the consent of the co-tenant — which will be good against all other persons.   The policy of the statute is to secure to the debtor a *home* for himself and family ; whether that home is upon land to which the debtor had an estate in fee-simple, or one of less dignity, or a mere possessory interest, it is the occupancy as a residence which the statute had in view, and intended to protect, rather than the title by which he held.   The substance thereof is that the creditor shall not break up the home and residence, by a. sale of such title as the debtor had.   If the debtor refers his possession. to a tenancy in common with another, and enjoys. the occupancy in that right, it is no reason that he should

lose his home because as against his co-tenant he has not an exclusive right, and could be compelled to make partition. Those are matters between himself and his co-tenant.

The decree of the chancellor was framed in accordance with these views, and it is affirmed.