F. D. LEWIS ET AL. *v.* W. N. WHITE.

1. HOMESTEAD.   *Tenant in common.   Consent of co-tenants.*

   A debtor may have a homestead exemption in land which he owns in common with others, and, as against creditors, consent of the co-tenants to his occupancy is not essential.   *McGrath* v. *Sinclair*, 55 Miss., 89, explained.

2. SAME.   *Extent of exemption.   Undivided interest.*

   A tenant in common has no floating claim to exemption in the common property.   If this exceeds one hundred and sixty acres, he is not entitled to exemption in the whole, upon the idea that his share, if set apart, would be less.   No matter what his interest is, he can only claim as exempt the land occupied by him, not to exceed one hundred and sixty acres, of the value not exceeding $2,000, to be allotted just as if he owned the entire interest.

FROM the chancery court of Wilkinson county.
HON. CLAUDE PINTARD, Chancellor.

On the 9th day of July, 1891, the appellee, W. N. White, filed the bill in this case against the appellants, F. D. Lewis, sheriff of Wilkinson county, and G. W. Sentell, and others. The bill alleges that the complainant is the owner in fee of an undivided one-sixth interest in a certain tract of land in Wilkinson county, containing about three hundred and thirty-six acres, and in a certain other tract of about three hundred and eighty-five acres, aggregating seven hundred and twenty-one acres; that said lands formerly belonged to his mother, lately deceased, and that they are now owned by him and her other heirs as tenants in common; that complainant is a married man and householder, the head of a

family, and a citizen of this state, and that he now resides upon said lands, with the consent of his co-tenants, the other owners, except the heirs of a deceased brother, who are minors, and therefore incapable of giving their consent; that his one-sixth interest in all of said lands is less than the number of acres which he is entitled to hold, under existing laws, as a homestead exemption; that said lands are easily capable of division, and that partition would have been made but for the minority of some of the owners.

The bill further shows that the defendant, Lewis, as sheriff, under executions in favor of the other defendants against White, had levied on his interest in all of said lands, and had advertised the same for sale. The bill does not state the value of complainant's interest in the land, but no specific objection was made as to this by the demurrer. An injunction was asked to restrain such sale, upon the ground that complainant's interest in all the land was exempt as a homestead. A demurrer to the bill was overruled, and defendants declined to answer. Complainant had a final decree, awarding a perpetual injunction, from which the defendants appeal.

*D. C. Bramlett*, for appellants.

1. As the complainant owned an undivided interest in more than 700 acres of land, and only occupied a portion of it, he was not entitled to the exemption. The land must be owned and occupied by the debtor. Code 1880, § 1248.

The exemption is given by, and exists only in accordance with, the statute. *Adams* v. *Dees*, 62 Miss., 354; *Smith* v. *Ratcliff*, 66 Ib., 683.

*McGrath* v. *Sinclair*, 55 Miss., 89, is not in point. There the debtor occupied the land by consent of his co-tenant. This was, in effect, a parol partition. Exclusive ownership can be acquired by such partition. *Pipes* v. *Buckner*, 51 Miss., 848.

When consent of co-tenants is wanting, no homestead exemption can be acquired in the common property. Some

states give the right of exemption to tenants in common. Our laws give no such right.   See 63 Am. Dec., 124.

2. If appellant has any homestead right in the land at all, it cannot extend beyond 160 acres occupied by him.   There is no pretense that he has relinquished to the other owners his claim in the remainder of the land.

*J. H. Jones* and *H. S. VanEaton,* for appellee.

If the debtor has some interest coupled with possession, he has that upon which the exemption law can operate.   9 Am. & Eng. Ency. L., 425–452.   See also 41 Ga., 94.

The question is settled in this state.   *McGrath* v. *Sinclair,* 55 Miss., 89.   The remark of the judge in that case that the better rule seemed to be that the exemption would exist in common property if the co-tenants consented to the occupancy, did not establish the rule that consent is necessary. See as to this, *Prior* v. *Stone,* 70 Am. Dec., 341; *Hamilton* v. *Halpin,* 68 Miss., 99; Freeman on Co-tenancy, § 54; 41 Ark., 94.

The true construction of our homestead laws is, that the possession by the head of a family of any part of the land owned in common is sufficient to impress the homestead right upon all.   See 55 Ala., 34; 71 *Ib.,* 140; 51 Tex., 150; 54 *Ib.,* 639; 36 Vt., 257; 38 Mich., 171; 43 *Ib.,* 518; *Thorn* v. *Thorn* (Iowa), 81 Am. Dec., 451.

WOODS, J., delivered the opinion of the court.

It has several times been said by this court, in general terms, that a tenant in common may maintain his claim to his homestead exemption in the common estate.   The requirements of the litigation presented in this cause demand of us a fuller and more particular annunciation of the law governing cases of claims of homestead exemptions by one of the tenants in common in the undivided property.

1. The execution creditor has no concern with the title of the tenant in common whose estate he is seeking to subject to his demand.   If the debtor has good title to an undivided

interest in the common property, and has united with title actual occupancy, the creditor cannot assail the homestead rights of the exemptionist. If the debtor has no good title, the creditor cannot be heard to complain that he is not allowed to sell that of which confessedly his debtor is not owner. The question of the title of the tenant in common to the exempt homestead is not involved. Whether he has or has not title cannot affect the rights of the tenant in common claiming his homestead in the common property.

2. The consent of the co-tenants to the occupancy of the homestead claimed, is not essential to the successful maintenance of the homestead exemption in a contest with creditors of the homestead exemptionist. The debtor is found in the occupancy of the common property, and asserting claim to his homestead exemption in a part of it; if he has or has not the consent of his co-tenants, the creditor cannot complain. The want of title, or the want of consent by co-tenants to occupancy, in no way possible can affect the rights of the creditor seeking to subject the debtor's property to his demand. The remark in *McGrath* v. *Sinclair*, 55 Miss., 89, that, "Perhaps the better rule is  .   .   .   that the homestead may be acquired in the common property, with the consent of the co-tenant, which will be good against all other persons," contains an intimation which is unsound; and this unsound intimation is perfectly refuted in the reasoning of the court which immediately follows it. Said the court in that case: "It is the occupancy as a residence which the statute had in view, and intended to protect, rather than the title by which he held. The substance thereof is, that the creditors shall not break up the home and residence by a sale of such title as the debtor had. If the debtor refers his possession to a tenancy in common with another, and enjoys the occupancy in that right, it is no reason that he should lose his home because, as against his co-tenant, he has not an exclusive right, and could be compelled to make partition. These are matters between himself and his co-tenant."

3. The claim to the homestead exemption in property in common is to be regulated and bounded, in extent and value, just as in every other case. The debtor may claim and hold and have spared to him a homestead not exceeding in quantity 160 acres in the land occupied by him, and in value not exceeding two thousand dollars. If the claim set up shall appear to the creditor excessive in quantity or value, by proper proceedings he may have such excess, if shown to exist, subjected to payment of his debt.

The tenant in common who claims his homestead exemption in the estate in common, has no floating claim to exemption in the entire estate, as must be seen from what has been already said by us. He is to be protected in his occupancy of the homestead of proper quantity and value, but no further. Whatever interest he may have in the remainder of the common property, is salable in satisfaction of demands of creditors in proper cases. What this undivided interest in the remainder of the common estate may be, or may prove to be worth, is a matter of no concern in the examination of the subject now being considered. And so, what the real interest of the debtor in the homestead exemption allowed him may now be worth, or whether it may hereafter prove valueless, comparatively, on partition with the co-tenants, are questions not involved. Whatever estate the debtor has in the common property outside of that part claimed as a homestead, may be seized and sold; and, whatever estate the co-tenants have in the part claimed as a homestead by the debtor, their tenant in common, remains unaffected, as between him and them, by the recognition and allowance of his homestead in the common property, in the contest between him and his execution creditor.

The decree of the court below must be reversed, because by it the appellee had greater relief afforded than he was entitled to ask or receive. The injunction should be made perpetual, in so far as a homestead, not excessive in quantity or value, may be claimed, and it should be dissolved as to the

residue of the lands embraced in the bill of complaint. In order, therefore, that the necessary further proceedings may be had to meet the views herein announced, *the decree will be reversed, the cause. remanded, and leave given appellants to answer, if they shall desire to do so, within thirty days after mandate filed in the court below.*