KRIPPENDORF ET AL. *v.* B. WOLF ET AL.

1. HUSBAND AND WIFE. *Purchase in joint name. Presumption of gift.*

Where a husband buys land, taking the title in his wife's name and his own jointly, and afterwards makes improvements thereon, the presumption is of a gift to her of a half-interest in both the land and improvements.

2. HOMESTEAD. *Husband and wife. Joint property.*

Where a judgment debtor owns jointly with his wife a city lot, he is entitled to a homestead exemption therein of $2,000, to be taken wholly from his half-interest.

FROM the chancery court of Washington county.

HON. W. R. TRIGG, Chancellor.

On March 19, 1888, appellee, B. Wolf, purchased a lot of land in the city of Greenville, Mississippi, paid the purchase-money, and took the title in the name of himself and wife, Anna Wolf. Soon afterwards he built a residence thereon, and otherwise improved the lot, paying therefor with his own means. In January, 1889, he and his wife, with their children, took possession of the property, and have since occupied it as a residence. When the lot was purchased, and the improvements made, Wolf was not indebted to any one. Afterwards he became involved in debt, and, in December, 1890,

appellants recovered judgments against him. They then filed the bill in this case, against Wolf and wife, seeking to subject to their debts, which amounted to several thousand dollars, the half-interest of said B. Wolf in the lot, and also to make liable the improvements put thereon by him. The defendants answered the bill, denying complainants' right to relief as to the improvements, and setting up in favor of B. Wolf a homestead exemption as to his half-interest in the property.

The court decreed that Anna Wolf was not accountable in respect to the improvements, and that B. Wolf was entitled to have a homestead set apart wholly out of his half-interest, and that complainants were entitled to subject only so much of his half-interest as exceeded in value $2,000. Commissioners were appointed, who reported that the property could not be divided, and that the half-interest of said B. Wolf was of the value of $2,750. The decree directed that $750 should be paid into court, to be applied in satisfaction of the debts of complainants, or, in default thereof, that the half-interest should be sold in order to subject the excess over the exemption to complainants' debts.

From this decree complainants appeal.

*J. H. Wynn*, for appellants.

1. The act of B. Wolf in taking the title of the land in the name of himself and wife was a gift to her of a half-interest therein. But not so as to the improvements. One tenant in common has a right to re-imbursement for improvements made by him. Thompson on Homesteads, 187; 1 Story's Eq. Jur., § 655; 2 Lead. Cas. Eq. (White & Tudor), 916.

There is no proof that Wolf intended to give his wife an interest in the improvements. If any such intent existed, it could have been shown by the parties. It was too late, after the liens of creditors attached, to make such a gift. The essence of a gift or advancement is that it is irrevocable. 4 Am. & Eng. Enc. L., 216.

2. *Pennington* v. *Seal*, 49 Miss., 518, construed the act of 1865, which gave a homestead only to the head of a family. But under the code of 1871 this was not so. *Partee* v. *Stewart*, 50 Miss., 717. Nor under the code of 1880. See § 1259, which gives the wife the right to claim a homestead. Here the land is owned by both, and if the chancellor is correct, there would be two homesteads.

The only proper mode of allotment is to deduct $2,000 from the common fund, or to allow husband and wife $1,000 each, there being only one residence and one family. The homestead being owned by both with equal privileges, the husband can only claim $1,000 out of the homestead fund.

There cannot be two homesteads in the same property. Thompson on Homesteads, §§ 225, 226, and cases there cited. The very question here was decided in *Willis* v. *Matthews*, 46 Texas, 478, where the homestead was allotted from the common property.

*Phelps & Larkin*, on the same side.

*Campbell & Starling*, for appellees.

1. Except in partition proceedings, one tenant in common who improves the common property without consent of the others, is not entitled to compensation. Freeman on Cotenancy, § 262; 2 Am. & Eng. Enc. L., 1104; 17 *Ib.*, 758. The equity of the improving tenant is not a *right* which will inure to the benefit of subsequent creditors.

Whatever the general rule is as to other co-tenants in respect to the right to compensation, a different rule applies as between husband and wife. Where they are co-tenants, and the husband improves the common property, the presumption should be that he intended an advancement. This arises from his duty to provide for the wife. Here it was incumbent on appellants to prove that Wolf, in making the improvements, intended to *charge* his wife.

2. The court properly decreed that the homestead should

be carved wholly out of the half-interest of B. Wolf, the debtor. All the conditions entitling him to claim the exemption exist. In *Partee* v. *Stewart*, 50 Miss., 721, where it was held that the wife could claim the exemption, stress was laid on the fact that she was "debtor" and "owned" the property.

Primarily, the husband is considered the "householder having a family." Here he was such, and was the debtor owning the property. The fact that the code of 1880 authorizes the wife to claim the homestead exemption as against *her* creditors, does not affect the husband's right as against his creditors in respect to his own property. The wife may own with her husband a home of any value, and her interest can never be made liable by creditors of the husband.

WOODS, J., delivered the opinion of the court.

Both Wolf and his wife answer, under oath, that the half-interest in the lot one, block one, of the Deaton addition, together with the improvements made thereon subsequent to the purchase thereof, was a gift from the husband to the wife. In the absence of all proof, under the circumstances of the case, that would be the reasonable and legal presumption.

The simple question, then, is, shall Wolf's interest in the property, in excess of the maximum value given to the urban householder having a family, alone be subjected to the demands of his creditors? We have no hesitation in answering affirmatively. The fact that Mrs. Wolf has an undivided interest in the property occupied as Wolf's homestead, does not enlarge the rights or remedies of his creditors, nor should it be permitted to endanger her interests. She is to be protected just as any other tenant in common with Wolf would be. The creditors may insist on the liability to their demand of all Wolf's interest in the common property, subject to his homestead exemption right. That is the extent of their right, no matter who may happen to be the tenant in common of their debtor.

*Affirmed.*