TONY C. GATTI ET AL. v. NEW ORLEANS RAILWAY & MILL
SUPPLY COMPANY.

1. HUSBAND AND WIFE.  *Code* 1892, § 1983.  *Homestead.*  *Wife's veto.*

The wife has a mere veto power on the sale of the husband's
homestead and not a property right, subject to bargain and
sale, under code 1892, § 1983, providing that the husband's deed
thereto shall not be valid without the joinder of the wife, if
they be living together.

2. SAME.  *Nudum pactum.*

A promise by the husband to the wife, without other consideration
than her joining him in the execution of a deed to his home-
stead, is *nudum pactum*, and not binding.

FROM the chancery court of Jackson county.

HON: NATHAN C. HILL, Chancellor.

The New Orleans Railway & Mill Supply Co., the appellee,
was the complainant, and the appellants, Gatti and wife, were
defendants in the court below.  The facts are stated in the
opinion of the court.

*Denny & Woods,* for appellants.

Mrs. Gatti had an interest in the Moss Point homestead, to
part with which she could have accepted a promise, as she did,
or could have accepted a part of the purchase money, or a note
of her husband for such sum as was mutually agreed upon,
either of which obligations from the husband would have been
valid and binding on him.  She parted with a thing of value to
herself and children, and when she received a bill of sale from
her husband to the shop, which was acknowledged and recorded
as required by law, in fulfillment of his promise, the convey-
ance was not voluntary, but was founded upon a valuable con-
sideration.  And again, the evidence shows that she paid,
loaned, or let her husband have $50, besides other money. *Mc-*

*Alister* v. *Honea,* 71 Miss., 256; 36 Miss., 510; *Kaufman* v. *Whitney,* 50 Miss., 103; *Surget* v. *Boyd,* 57 Miss., 490.

*Bullard & Bullard,* for appellee.

There was no consideration for the transfer of the blacksmith and machine shop, machinery, gear, tools and fixtures from T. C. Gatti to his wife, Jennie E. Gatti.

It does not appear from the testimony of either the husband or wife that Gatti ever promised to buy and transfer to his wife a home in Scranton. On the contrary, it seems that he only agreed to secure a home for her and provide her and himself with a home in Scranton, as he had done in Moss Point. As the head of a family and a good and faithful husband, he was under a moral obligation to comply with his promise, but this is a matter of no concern to his creditors, and in no way affects their rights.

The Moss Point homestead belonged to Gatti, and his wife had no property rights therein, and his promise to her regarding the Scranton home was therefore voluntary and without a consideration. His wife could only exercise a negative or veto power to prevent the sale. *Billingsley* v. *Niblett,* 56 Miss., 537; *Smith* v. *Scherck,* 60 Miss., 491; *Massey* v. *Womble,* 69 Miss., 347; *Pounds* v. *Clarke,* 70 Miss., 263; *Scott* v. *Scott,* 73 Miss., 575.

TERRAL, J., delivered the opinion of the court.

The appellee, the New Orleans Railway & Mill Supply Co., on the 25th day of April, 1898, recovered a judgment in the circuit court of Jackson county against Tony C. Gatti in the sum of $378 upon two promissory notes due and payable before the 16th day of July, 1897, and said company filed its bill against said Gatti and his wife to cancel a conveyance made without consideration by Gatti to his wife on the 16th day of July, 1897, of certain real and personal property, his blacksmith and machine shop in Scranton, with all machinery, tools, and

appliances therein, and to subject said property to the satisfaction of said judgment. The answer of the defendants claims that no fraud was intended in the execution of said conveyance, and that Gatti was of ample pecuniary ability to give his wife said property, without its operating as a fraud upon his creditors. Mrs. Gatti further resisted the subjection of said property to the judgment of complainant by stating in her evidence that she had loaned her husband $50, which was used by him in paying the purchase price of the property conveyed to her, and that she had some four years before signed away her right on interest in her husband's homestead at Moss Póint, at his instance and upon his promise to secure her a homestead in Scranton, and by reason thereof she insists that said conveyance to her was not voluntary, but that the same was supported by a valuable consideration, and was *bona fide*. The evidence further discloses that Mrs. Gatti, at the time of said conveyance, paid no money therefor, and that Gatti was insolvent. There is nothing in the record to show that Gatti intended the conveyance to his wife to be a satisfaction of the $50 which she claimed he owed her, or as a fulfillment of his promise to secure her a homestead in Scranton, nor is there anything in the record to show that Mrs. Gatti received said conveyance in satisfaction of said claims.

The right of Mrs. Gatti in the homestead of her husband was not a property right which might be the subject of sale by her. It was a mere power of veto against the conveyance of it by her husband without her consent. The property, and all the right of property, in the homestead, was in the husband, and when she signed the conveyance her veto power was gone, and no promise of the husband to induce her to sign the conveyance of his homestead could be binding in law upon him, because of the want of any consideration to support such promise. The conveyance of Gatti to his wife was void as to his creditors.

*Affirmed.*