## JOHN D. CHAPMAN *v.* WHITE SEWING MACHINE COMPANY.

1. CHANCERY COURT. *Practice. Cross bill.*·

    After an instrument has been adjudged by the appellate court to be an absolute conveyance, and the cause has been remanded for further proceedings in accordance with its opinion, the defendant will not be heard to claim by cross bill then tendered, on the evidence already considered, that the instrument, though in form an absolute deed, was really a mortgage.

2. EXEMPTIONS. *Homestead. Husband and wife. Tenants in common. Declaration. Code* 1892, § 1973.

    A debtor may select as his homestead one hundred and sixty acres of land, which is owned by himself and his wife as tenants in common, and a declaration of such selection, under code 1892, § 1973, is binding on both him and his creditors, the latter having no right to subject his interest therein when the value of the same does not exceed $3,000. *Chapman* v. *White Sewing Machine Co.*, 77 Miss., 890; *Lewis* v. *White*, 69 *Ib.*, 352; *McGrath* v. *Sinclair*, 55 *Ib.*, 89; *Krippendorf* v. *Wolf*, 70 *Ib.*, 81, cited.

FROM the chancery court, second district, of Hinds county.

HON. H. C. CONN, Chancellor.

The sewing machine company, appellee, was the complainant, and Chapman, the appellant, the defendant in the court below. On a previous appeal two decisions were rendered in this case, which are reported in 76 Miss., 821, and 77 *Ib.*, 890. The cross bill which the court below refused to entertain was filed after the decree appealed from had been affirmed in all things, except as to Mrs. W. C. Chapman, the wife of the debtor, the same being reversed as to her and the cause remanded for a decree in accordance with the opinion. The cross bill, which sought to have the deed to Mrs. Chapman treated as a mortgage, was predicated of the evidence before the appellate court when it was adjudged to be an absolute conveyance. All the facts touching the controlling point in the case appear in the opinion.

*Wells & Wells,* for the appellant.

As the case stood when remanded to the chancery court, a cross bill was necessary to the adjudication of all the rights of the parties, and the refusal to allow same to be filed is against authority. It appeared from the record that the deed from Chapman to his wife was made to secure her money and should have been enforced as a mortgage upon the whole of the land. In case that was not allowable, then certainly her interest should have been set apart to her and his homestead exemption carved out of the portion set apart to him. As to the right of the appellant to have his cross bill entertained, see *Hanserd* v. *Gray,* 46 Miss., 75; *Burford* v. *Kersey,* 48 *Ib.,* 642; *Dewees* v. *Dewees,* 55 *Ib.,* 315; Story's Eq. Pl., secs. 392, 392*a,* 396; 57 Ill., 424, 4 Lea (Tenn.), 418; 29 N. H., 392; 1 Tenn. Ch., 172. That a deed absolute in form may be shown by parol evidence to be really a mortgage, is beyond dispute. *Klein* v. *McNamara,* 54 Miss., 90; *Brooks* v. *Kelly,* 63 *Ib.,* 616.

The decree of the chancellor fixing the homestead in the 160 acres owned by Chapman and his wife as tenants in common, and in which Chapman had declared his homestead, and not permitting it to be allotted as provided by law, is in conflict with the decision affirming his previous decree ordering such allotment, and is therefore erroneous.

The homestead should have been carved out of Chapman's interest in the land. He could not claim the exemption in land which he did not own. Code 1892, § 1970; *Partee* v. *Stewart,* 50 Miss., 717; *Krippendorf* v. *Wolf,* 70 *Ib.,* 81; *Hart* v. *Leete,* 104 Mo., 315; *Johnson* v. *Kessler,* 87 Ky., 458.

*W. R. Harper,* for the appellee.

The cross bill came too late. It was within the discretion of the chancellor whether or not should it be filed, and there was clearly no abuse of discretion.

Mrs. Chapman got more by the decree under review than she would have been entitled to by maintaining her cross bill,

since an absolute interest in one-half of the land is of greater value than the right to sell such one-half interest under the alleged mortgage.

The homestead was alloted in pursuance of law and the directions of this court. The decree recognizes and leaves unaffected Mrs. Chapman's undivided one-half interest in three hundred and twenty acres of the land, and then allots W. C. Chapman's interest in one hundred and sixty acres of the three hundred and twenty acres.

A tenant in common has no floating claim to exemption in the common property, but is entitled only to such interest as he owns in the particular one hundred and sixty acres on which he lives and dwells. *Lewis* v. *White*, 69 Miss., 352.

Argued orally by *W. C. Wells*, for appellant, and *W. R. Harper*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The court correctly declined to allow the cross bill to be filed. It came far too late and if it had been filed the matters it presented were already adjudged in this case, to wit, that the deed, to Mrs. Chapman was an absolute deed and not a mortgage. The cross bill in effect asks the chancellor to find on the very same proof on which this court declared the instrument a deed, that such instrument was a mortgage. This could not be permitted. As to the homestead allotment, the decree is correct. The chancellor's decree, as first entered, was by our last judgment affirmed. Under that first decree of the chancellor Chapman had selected and located his homestead under the provision of the new law, § 1973 of the code of 1892, which provides that such selection shall bind the exemptionist, his wife and his creditors. This is a contest between the creditor and his debtor. If the debtor has, for reasons satisfactory to himself, chosen to locate his homestead on the 160 acres whereon are the residence and out-buildings, in which he and his wife

are tenants in common, that is good, under § 1973, against his creditors. As to their respective interests as husband and wife that is a matter for them with which the creditor has no concern, as has been expressly decided in *Lewis* v. *White*, 69 Miss., 352, and *McGrath* v. *Sinclair*, 55 Miss., 89. The debtor cannot claim a floating exemption. In this case he did not claim a floating exemption.

He located it on the said 160 acres in accordance with § 1973 and is bound by it. As we said in our last opinion, there might be many reasons why the debtor would prefer to locate his homestead exemption on land in which he had only an undivided half interest. Two of those reasons very naturally exist here; first, because the 160 acres selected contained the dwelling house and all the buildings of the home. Second, because the value of the whole fee simple in the whole 160 acres is less than $2,000, not to say $3,000, to which he was entitled under § 1973. All the authorities cited for appellant are inapplicable. *Krippendorf* v. *Wolf*, 70 Miss., 81, was decided under the law prior to 1892, and holds merely that where the judgment debtor owns jointly with his wife, he is entitled to a homestead exemption therein, which must be taken wholly out of his one-half interest. In that case the value of the homestead was shown to be $5,500 and it appeared that it could not be divided, and the decree was, properly, that unless the husband paid the $750 by a day named, his one-half interest should be sold, and the $750 excess over $2,000 paid to the creditor. Partee's case, in 50 Miss., decides merely that a married woman owning separate estate and having her residence thereon, is a householder and can claim the exemption as such. Krippendorf's case is a direct authority for the appellee's contention. The husband was allowed to claim his exemption in property in which he owned one undivided interest and his wife the other. It directly supports the decree.

The creditor there was allowed to sell the husband's half

interest, unless he paid the $750, in excess of the $2,000 of course. But that feature is aside from the question whether, when the husband and wife own each an undivided interest in the home, the husband may locate his homestead on that land. That he can do so is expressly settled by *McGrath* v. *Sinclair*, 55 Miss., 89; *Lewis* v. *White*, 69 Miss, 352, and given as settled law in most jurisdictions in 15 Am. & Eng. Enc. L., 2d ed., 566 (4), with authorities. See to same effect authorities in note to *Arendt* v. *Ware*, 9 Am. St. Rept., 209. So here, if the one-half interest of the husband exceeds $3,000 in value, the creditor might get the excess. But the evidence shows and the counsel concedes that the whole fee simple interest is worth less than $2,000. Of what possible concern then can it be to the creditor that the husband has located the homestead exemption on a tract in which he had only an undivided half interest? He doubtless had good reasons for such selection, and is bound by it, as § 1973 expressly shows. The Kentucky and Missouri cases cited are under wholly different statutes, and the Missouri case was one where one parcel of land was a homestead, the husband and wife having each an undivided interest therein, but the interest of each one exceeding in value the homestead exemption, the husband being the debtor. And the question was, from whose interest should the homestead be taken. It was properly held that the homestead interest should be allowed him out of his interest, and that, of course, it was not proper to cut down his exemption because his wife had an interest in the same property, a case exactly like the case in 70 Miss. The decree is correct in all respects and is      *Affirmed.*