• KIMBROUGH *et al. v.* POWELL.*

(Division A.   May 17, 1926.)

[108 So. 498.   No. 25582.]

1. HOMESTEAD. *Debtor asserting homestead exemption in estate in common exceeding one hundred sixty acres is limited to homestead of proper quantity as well as value.*

   Debtor asserting homestead exemption in estate in common exceeding one hundred sixty acres in quantity is limited to homestead of proper quantity as well as value, and, although interest in one hundred sixty acres constituting homestead is worth less than three thousand dollars, he is not entitled to exemption in remainder of estate.

2. HOMESTEAD. *Decree directing proceeds of sale of deceased's interest in common estate in excess of one hundred sixty-acre homestead be paid to administrator for benefit of creditors held correct.*

Decree of trial court, directing proceeds of sale of deceased's interest in common estate in excess of one hundred sixty-acre homestead be paid to administrator for benefit of creditor, *held* correct.

3. EXEMPTIONS. *Amendment to statute granting exemptions to citizens, providing that husband or wife, widow or widower, over sixty years of age, should not be deprived of such exemptions, held to preserve only existing exemptions (Code 1906, section 2146, as amended by Laws 1914, chapter 225 [Hemingway's Code, section 1821]).*

Code 1906, section 2146, as amended by Laws 1914, chapter 225 (Hemingway's Code, section 1821) granting exemptions to citizens of state, *held* to preserve to husband or wife, widow or widower, over sixty years of age, only existing exemptions formerly guaranteed under statute.

4. HOMESTEAD. *Widow held to have had no rights in homestead which would be preserved to her by reason of fact that she was over age of sixty years at time of husband's death (Hemingway's Code, section 1821).*

Where at time of husband's death widow was over age of sixty years, with no one dependent on either her or her husband for support, *held* that she had no homestead exemption rights in homestead which would be preserved to her under Hemingway's Code, section 1821, by reason of fact that she was over age of sixty years.

5. HOMESTEAD.

Wife's veto power against conveyance of homestead by husband without her consent is not a property right.

---

*Corpus Juris-Cyc. References: Exemptions, 25CJ, p. 14, n. 99; Homesteads, 29CJ, p. 795, n. 74; p. 797, n. 46; p. 802, n. 24; p. 824, n. 28; p. 826, n. 58, 60, 64 New; p. 899, n. 77; p. 993, n. 89 New.

APPEAL from chancery court of Carroll county.

HON. T. P. GUYTON, Chancellor.

Application by J. H. Kimbrough and others, heirs at law of J. H. Kimbrough, Sr., and Mrs. L. M. Kimbrough, both deceased, for partition or sale for division of proceeds of certain tract of land descending to them as tenants in common, wherein J. C. Powell, administrator of Mrs. L. M. Kimbrough, intervened. From the decree

the heirs appeal, and the administrator cross-appeals. Affirmed on direct appeal, and on cross-appeal reversed and judgment rendered.

*Chapman, Moody & Johnson* and *Gardner, Odom & Gardner*, for appellants.

Our contention is that exempt property, freed from the unsecured debts of the decedent, descends to his heirs at law; that Mrs. L. M. Kimbrough, from whom appellants inherit, had at her death a homestead in the lands and, as a consequence, the same descended to her heirs, freed from any claim on the part of her administrator. Therefore, as the decree appealed from directed that four-fifths of her interest in the proceeds of the sale be paid to her administrator, it is erroneous.

Therefore, the question presented is whether the interest of Mrs. L. M. Kimbrough in the six hundred and forty acres of land inherited by her from her husband, and which land, after the death of her husband, was occupied by her as her homestead, is exempt property, the said Mrs. Kimbrough, prior to the death of her husband, being over the age of sixty years. If so, such interest descended to her heirs freed from her debts and her administrator has no right to the proceeds thereof.

As to the descent of exempt property, see section 1289, Hemingway's Code (section 1657, Code of 1906); section 1390, Hemingway's Code (section 1658, Code of 1906).

A debtor may have a homestead exemption in land which he owns in common with others and, as against creditors, consent of the cotenants to such occupancy is not essential. Sections 1821-22, Hemingway's Code (sections 2146-47, Code of 1906); *Lewis* v. *White*, 69 Miss. 362, 13 So. 349.

Prior to March 26, 1914, a widower or widow, over the age of sixty years, not being a householder and having a family, though formerly a householder and having

a family prior to the death of the husband or wife, was not entitled to a homestead exemption. On March 12, 1924, section 1821, Hemingway's Code, was amended so as to make the exemption apply to "real and personal estate as now provided by law."

It is contended that to be an exemptionist, within the meaning of the statute, she must *own and occupy the homestead* and have a family before she attains the age of sixty years, otherwise the statute does not apply. The fact that she was married and was with her husband, a householder, having a family before she attained the age of sixty years, is of no consequence if she did not own the homestead. This interpretation is not in harmony with either the spirit or letter of the statute.

The spirit of the statute must be determined from the purpose intended to be effected. *Moseley* v. *Anderson,* 40 Miss. 49-54. The purpose is to provide means, not dependent "on the follies, the vices or crimes" of the citizen to the end that he and his family shall not be made paupers or beggars. This, of course, is to subserve public policy. *Zoboski* v. *McIntyre,* 93 Miss. at 810.

The word *exemption* as applicable to statutes of this character is defined in Black's Law Dictionary. See, also, *Bernheim* v. *Andrews,* 3 So. 75-77; *Zuboski* v. *McIntyre,* 93 Miss. 810. The exemptionist, as the person of a defined class who has the exemption, may exist before the property, as the subject matter in which the privilege may be asserted, as held in *Trotter* v. *Martin,* 38 Miss. 198; *Lessly* v. *Phipps,* 49 Miss. 796; *Jones* v. *Hart,* 62 Miss. 15; and several other cases.

Or the property may be possessed before the person of the defined class becomes an exemptionist, as held in *Trotter* v. *Martin,* 38 Miss. 198; *Irwin* v. *Lewis,* 50 Miss. 363; *Letchford* v. *Cary,* 52 Miss. 791; *Jones* v. *Hart,* 62 Miss. 13; *Woods* v. *Bowles,* 46 So. 414.

Or the exemptionist and the possession of the property, as the subject matter of the exemption, may co-

exist and yet the former may relinquish his privilege in the latter, as held in *Henderson* v. *Still,* 61 Miss. 391.

Or the property, as the subject matter of the exemption in which the exemptionist may assert his right, may be uncertain, as held in *Bernheim* v. *Andrews,* 65 Miss. 28. Again husband and wife, living together and each being a householder, and having a family, are each exemptionists, though they may not simultaneously assert the exemption in a homestead; yet, the former may release his right to his homestead, in which event the latter may assert her rights to her homestead and *vice versa,* as held in *Partee* v. *Stewart,* 50 Miss. 717.

In short, the husband with his wife may reside on his homestead and claim it as exempt; or he with his wife may reside on her separate estate, as a homestead, and the latter may assert her right of exemption in it. *Majors* v. *Majors,* 58 Miss. 806.

We mention the above in order to make it clear that an exemptionist is a person of a defined class on whom the exemption is conferred and by whom it is possessed, and that it is not necessary that one should possess the property, as the subject matter of the exemption, to which the exemption may be asserted in order to be an exemptionist; nor does one cease to be an exemptionist by failing to have the property to which the exemption may be asserted. An exemptionist is a person of the defined class, in whom the exemption inheres, which exemption may or may not be asserted in the property, as the subject matter of the exemption.

Of course, in order to be an exemptionist under this section, it is necessary that the husband or wife, widower or widow, should be over sixty years of age while they were citizens of this state, being a householder and having a family, but it was not necessary that both or either should own the property, as the subject matter to which the exemption may be asserted.

The exemption is, of course, the right or privilege. The exemptionist is, as we understand it, the person

who has the right or privilege; that is, the exemption. The property, the homestead in this instance, is that to which the exemption attaches, free from the claim of creditors.    See *McCreight* v. *W. W. Scales & Co.,* 134 Miss. 303.

As an exemptionist, if over the age of sixty years, does not lose her character as such "because of not having a family or not occupying the homestead," we, therefore, submit that Mrs. L. M. Kimbrough who was over the age of sixty years at the death of her husband, though she did not own the land on which they resided, was an exemptionist within the meaning of the statute and as such her undivided interest in the land, after the death of her husband, was her homestead and descended to her heirs at law, free from her debts. Wherefore, we ask that the decree which directed that four-fifths of the proceeds of the sale, to which she was entitled, be paid to her administrator be reversed and that the same be ordered paid to her heirs at law, and that in all other respects said decree be affirmed.

*S. E. Turner,* for appellee.

The court below held that Mrs. Ellen Kimbrough, deceased, was entitled to an exemption in a common estate owned by her and five other heirs of J. H. Kimbrough, deceased, but that said exemption would not exceed the one hundred sixty acres on which the house in which she lived was located, nor exceed in value three thousand dollars, the quantity and value being fixed by the statute, section 1821, Hemingway's Code. It is also held that because her interest in the said one hundred sixty acres of land was an undivided one-sixth of the same and because she could not claim as a homestead lands of the value of more than three thousand dollars, the court allowed as exempt one-sixth of three thousand dollars, or five hundred dollars.

Now, if Mrs. Kimbrough had been an exemptionist under section 1821, this rule would be correct. She could not claim a floating interest of exemption in the entire estate of six hundred forty acres. The estate being held in common with others does not extend the quantity or value so that the exemptionist would have an undivided amount equivalent to the amount claimed. She was only protected in the occupancy of the house in which she lived and one hundred sixty acres, whether she owned the whole amount or an undivided interest in the same. *Lewis et al* v. *White,* 69 Miss. 352.

. But our contention is that Mrs. L. M. Kimbrough had not been an exemptionist under section 1821. Her husband died in 1921 leaving her as his only dependent. She died in 1923, and had never had any family or person dependent upon her. Up to the time of the death of her husband she was not the owner of the homestead, but her husband was the owner. The exemptionist must be the owner of the property or have some assignable interest in the same. The wife of the owner of the homestead had no such interest and her right in the homestead of the husband is not a property right which might be the subject of sale by her. It is a mere power of veto against the conveyance of it by her husband without her consent. *Gatti* v. *Supply Co.,* 77 Miss. at 756.

Since the death of the husband, Mrs. Kimbrough had never had anyone dependent on her for support. In other words, since she became the owner of the property by inheritance, she had been under no legal or moral obligation to support anyone dependent upon her. In order to become an exemptionist under the statute, the owner must be under legal and moral obligations to support someone dependent upon him. *Partee* v. *Stewart* 50 Miss. 717; *Hill* v. *Franklin,* 54 Miss. 632; *Powers* v. *Sample,* 72 Miss. 187.

We submit, therefore, that Mrs. Kimbrough, having never been under legal or moral obligation to support ·

anyone up to the time of her death, had never been an exemptionist under said statute, and that this cause should be affirmed in direct appeal and reversed on cross-appeal.

*Chapman, Moody & Johnson* and *Gardner, Odom & Gardner,* in reply, for. appellants.

Counsel for appellees overlooked the fact that the rule which is announced was the correct rule up to March 26, 1914, when the legislature passed chapter 225, Laws. of 1914, and amended section 1821, Hemingway's Code. This amendment, we submit, is a complete answer to the contention of appellees and their contention, we further submit, is directly in face of the statute.

Prior to the passage of this act, the policy of the law had been to allow exemptions only to those persons having dependents, but when this amendment was passed, the policy of the law was completely reversed; for before that time the law required an exemptionist to have dependents; but after the passage of the law, the widow or widower, who became dependent, has protected and granted the exemption because of his or her age. In other words, the legislature in its wisdom and charity saw fit to throw around these aged persons the mantle of its protection, and instead of requiring an exemptionist to have persons dependent upon him or her, it, in turn, granted this exemption to the person, the widow or widower, over sixty years of age and occupying the property, because of the fact that he or she, the widower or widow, *is a dependent.*

We say, therefore, that Mrs. Kimbrough, who prior to the death of her husband was living with him and, as his wife, entitled to the exemption, on his death, under this amendment to the Code, certainly retained that exemption which she enjoyed before her husband's death, and that at her death this property descended to her heirs

free from any debts. *McCreight et al.* v. *W. W. Scales & Co. et al.*, 134 Miss. 303.

COOK, J., delivered the opinion of the court.

The heirs at law of J. H. Kimbrough, Sr., and his wife, Mrs. L. M. Kimbrough, both deceased, filed a petition seeking to partition or sell for division of the proceeds a certain tract of land which descended to them as tenants in common. The land was ordered sold, and, upon the filing of the report of the commissioner who made the sale, the administrator of Mrs. L. M. Kimbrough appeared and filed a petition averring that at the time of her death Mrs. Kimbrough owned a one-sixth interest in the estate of her husband, J. H. Kimbrough, deceased; that her estate is now entitled to a one-sixth interest in the proceeds of the sale of the land involved which was owned by her husband during her lifetime; that the personal property belonging to said estate is insufficient to pay the large amount of claims which had been probated against her estate; and that her estate is wholly insolvent, and prayed that he be made a party to the proceedings, and that the interest of the said Mrs. L. M. Kimbrough in the proceeds of said sale be paid to him as administrator for the benefit of the creditors of her estate. This intervention of the administrator was by consent of the parties, and no point is made on the procedure.

From the pleadings and testimony, it appears that the six hundred forty acres of land involved was owned by, and was the homestead of J. H. Kimbrough, Sr., who died intestate in the year 1921, leaving as his heirs at law, his widow, Mrs. L. M. Kimbrough, and five children, each of whom inherited a one-sixth interest in the tract of land. At the time of his death, J. H. Kimbrough, Sr., and his wife, Mrs. L. M. Kimbrough, were both over the age of sixty years, and had no one else living with them or dependent upon them for support. After Mr. Kimbrough's

death, Mrs. Kimbrough continued to reside in the home on the six hundred forty acres of land, and contracted personal debts which were owing at the time of her death, but she at no time had any family or had anyone dependent upon her for support. From the report of the commissioner, it appears that the value of the six hundred forty acres of land was seven thousand eight hundred fifty dollars, while, upon the proof offered, the chancellor found the value of Mrs. Kimbrough's one-sixth interest in the one hundred sixty acres constituting the homestead to be five hundred dollars. The chancellor held that the one-sixth interest of the deceased in the one hundred sixty acres constituting the homestead, valued at five hundred dollars, was exempt, and descended to her heirs free from any claim on the part of her creditors, and ordered it distributed *pro rata* among the heirs at law, but held that her one-sixth interest in the remainder of the proceeds of the sale of the six hundred forty acres of land was not exempt, and directed that this one-sixth interest be paid to the administrator.

From this decree, the heirs have prosecuted an appeal, contending that the entire one-sixth interest of the deceased in the tract of land, which was worth less than two thousand dollars, is exempt and descended free from her debts, while the administrator has prosecuted a cross-appeal contending that no part of this one-sixth interest is exempt.

For the purpose of passing upon the question presented by the direct appeal and determining the value and quantity of the debtor's exemption if she be entitled to any at all, we may concede her right to an exemption in the common estate. A debtor can only claim and hold as a homestead not exceeding one hundred sixty acres of land, of the value, including improvements, of not exceeding three thousand dollars, and a debtor who asserts a homestead exemption in an estate in common which exceeds one hundred sixty acres in quantity has no floating claim

to an exemption of his interest in the entire estate. His exemption in such estate is limited to a homestead of the proper quantity, as well as value, and if the value of the debtor's interest in the one hundred sixty acres constituting the homestead happens to be worth less than three thousand dollars, this fact does not entitle him to an exemption in the remainder of the estate. Whatever interest he may have in the remainder of the estate may be subjected to the demands of creditors, and this was expressly held in the case of *Lewis* v. *White,* 69 Miss. 352, 13 So. 349, 30 Am. St. Rep. 557, where the court discussed this question fully and said:

"The claim to the homestead exemption in property in common is to be regulated and bounded, in extent and value, just as in every other case. The debtor may claim and hold and have spared to him a homestead not exceeding in quantity one hundred sixty acres in the land occupied by him, and in value not exceeding two thousand dollars. If the claim set up shall appear to the creditor excessive in quantity or value, by proper proceedings he may have such excess, if shown to exist, subjected to payment of his debt.

"The tenant in common who claims his homestead exemption in the estate in common has no floating claim to exemption in the entire estate, as must be seen from what has been already said by us. He is to be protected in his occupancy of the homestead of proper quantity and value, but no further. Whatever interest he may have in the remainder of the common property, is salable in satisfaction of demands of creditors in proper cases. What this undivided interest in the remainder of the common estate may be, or may prove to be worth, is a matter of no concern in the examination of the subject now being considered. And so, what the real interest of the debtor in the homestead exemption allowed him may now be worth, or whether it may hereafter prove valueless, comparatively, on partition with the cotenants, are ques-

tions not involved. Whatever estate the debtor has in the common property outside of that part claimed as a homestead, may be seized and sold; and, whatever estate the cotenants have in the part claimed as a homestead by the debtor, their tenant in common, remains unaffected, as between him and them, by the recognition and allowance of his homestead in the common property, in the contest between him and his execution creditor.''

We are of the opinion, therefore, that the decree of the court below is correct insofar as it is directed that the proceeds of the sale of the debtor's interest in all the lands in excess of the one hundred sixty-acre homestead be paid to the administrator for the benefit of creditors, and that, on the direct appeal, the decree must be affirmed,

On the cross-appeal, it is contended that, since the debtor had no family, and had no one dependent upon her for support at any time after she became the owner of the property by inheritance, she was not entitled to any exemption in the common estate, and, consequently, that her entire interest in the proceeds of the sale of the land should be paid to her administrator for the benefit of her creditors. The cross-appellees admit that this contention would have been correct under the statute as it existed prior to the amendment of 1914, which added to the statute allowing an exemption to householders having a family the provision that:

''Husband or wife, widower or widow, over sixty years of age, who have been exemptionists under this section, shall not be deprived of such exemption because of not having family or not occupying the homestead.''

In other words, the contention is, that since the widow was over the age of sixty years at the time of the death of her husband, and at the time she became the owner by inheritance of an interest in the property which had been their homestead during the lifetime of her husband, her interest therein was, by virtue of the said 1914 amendment of section 2146, Code of 1906, exempt, although she at no time had a family or anyone dependent upon her.

The decision of the question thus presented involves a consideration of the *status* of Mrs. Kimbrough as an exemptionist at the time of and prior to the death of her husband. Under section 2146, Code of 1906, granting exemptions to citizens of the state, it is provided that:

"Every citizen of this state, male or female, being a householder, and having a family, shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him or her, but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of three thousand dollars."

By chapter 225 of the Laws of 1914, which appears as section 1821, Hemingway's Code, the said section 2146, Code of 1906, was amended by adding the provision that:

A "husband or wife, widower or widow, over sixty years of age, who have been exemptionists under this section, shall not be deprived of such exemption because of not having family or not occupying the homestead."

It will be noted that the 1914 amendment of this statute does not create or grant an exemption to a husband or wife, or widower or widow, who is over the age of sixty years, but only preserves to them existing exemptions when by reason of the breaking up of families, or the unfortunate infirmities of old age, it becomes necessary or desirable for the exemptionist to live alone or leave the homestead. The only exemption granted by this statute is to citizens of the state, male or female, who are householders and have a family, and the exemption extends only to the land and building *owned* and occupied as a residence by the exemptionist. Before the enactment of the 1914 amendment of the statute, the right to claim this exemption was lost when the exemptionist moved away from the homestead or was left without a family (*Hill* v. *Franklin*, 54 Miss. 632), and the only effect of this amendment is to remedy this condition. The only ones

of the designated class who can claim or derive any bene-
fit from this amendment are those who are over the age
of sixty years, and "who have been exemptionists under
the statute." Under the statute only those who are
householders and have a family can qualify as an exemp-
tionist, and the exemption applies only to "the land and
building *owned* and occupied as a resident by the ex-
emptionist." To be an exemptionist, or to be entitled
to claim an exemption in land, the debtor must both own
and reside upon the land, and must be a householder
and have a family. It was expressly so held in the case
of *Partee* v. *Stewart,* 50 Miss. 717, where, in construing
language of an exemption statute which is identical with
the language which grants the exemption in the present
statute, the court said that:

"The debtor must both own and reside upon the land;
must be a householder, and have a family. . . . The
elements which distinguish the privilege (including by
express words of the statute both 'male and female') are
the ownership of the land, [and] residence upon it with
a family."

The decisive question then is, Did Mrs. Kimbrough, at
the time of the death of her husband, have any exemption
rights in the homestead which might be preserved to her
by reason of the fact that she was over the age of sixty
years? We think not. She did not own the homestead or
any interest therein until the death of her husband, and,
consequently, she was not an exemptionist therein. At the
time she acquired an interest in the land she had no fam-
ily which would entitle her to assert an exemption as
against her personal debts. During the lifetime of her
husband she had the right to occupy the homestead, and a
veto power against the conveyance of it by him without
her consent, but this was not a property right. *Gatti* v.
*Supply Co.,* 77 Miss. 754, 27 So. 601. True it is that dur-
ing the life of her husband the homestead could not be
subjected to her personal debts, but this was not because

512    U. S. Fidelity & Guar. Co. v. Mobley.    [Sup. Ct.

Syllabus.    [143 Miss.

of any right of exemption therein, but because she did not own it. In the case of *Partee* v. *Stewart, supra,* it was held that the homestead may be established upon the sep-·arate property of either the wife or the husband, but the exemption only protects against the debts of the owner thereof.

It follows from the views herein expressed that the decree of the court below must be reversed in so far as it directs that five hundred dollars of the proceeds of the sale of the decedent's interest in the land be paid to the heirs free from the claims of creditors, and a decree will be entered here directing that said sum be also paid to the administrator.

Affirmed on direct appeal, and reversed on cross-appeal, and judgment here for cross-appellant.

*Affirmed on direct appeal.*
*Reversed on cross-appeal.*