ALFRED KING *v.* THEODORE STURGES.

1. HOMESTEAD. *What interest necessary to the right of exemption.*
   Actual occupancy of a tract of land as a homestead entitles the occupant to a homestead exemption therein to the extent of eighty acres, whether it be held as a tenancy at will, or by any other tenure except that of mere intrusion or trespass.

2. SAME. *Interest of claimant. Occupancy. Case in judgment.*
   K., being the head of a family, resides upon a small piece of land as a tenant at will, or from year to year. He owns in fee forty acres of land adjoining that upon which he resides. He cultivates this tract of forty acres, and derives his subsistence from it. He owns no other land. This forty-acre tract is low and unwholesome; but the house in which K. dwells is upon high land, about three hundred yards from the line of his land. His vendor built the house, and thus occupied it and the land for several years before K.'s purchase. The tract upon which he resides and that which he owns, together, do not exceed eighty acres. His tract of forty acres has been sold under a judgment against him, and he claims it as a homestead. *Held,* that K. is in such occupancy of the *locus in quo* as to constitute it his homestead.

ERROR to the Circuit Court of Lauderdale County.

Hon. J. S. HAMM, Judge.

Sturges brought this action of ejectment against King for the recovery of forty acres of land, to which he claimed title by virtue of a deed from the sheriff, based upon a sale under an execution and judgment against King. The defendant pleaded not guilty. The verdict and judgment were for the plaintiff. The other material facts of the case are stated in the opinion of the court.

*Hardy & Grace,* for the plaintiff in error.

Under the liberal spirit of our exemption law, this forty-

acre tract of land is exempt to the plaintiff in error. We claim that an estate in fee in forty acres, with a less estate in an adjoining forty acres, entitles the tenant, having his farm upon the former and his residence upon the latter, to hold the former as a part of his homestead. *Campbell* v. *Adair*, 45 Miss. 170 ; *Mosely* v. *Anderson*, 40 Miss. 54 ; *Porter* v. *Stewart*, 50 Miss. 717.

*J. W. Fewell*, for the defendant in error.

The statute gives a debtor a homestead of land " owned and occupied as a residence." The plaintiff in error does not reside upon the tract of land adjoining that in controversy as owner, but as a mere tenant, liable to be ejected at any time. Occupancy of the one tract cannot be construed as occupancy of the other, and actual ownership and occupancy as a residence are indispensable to the homestead right.

CHALMERS, J., delivered the opinion of the court.

Plaintiff in error (defendant below) claims that the *locus in quo* constitutes his exempt homestead.

The tract owned by him consists of forty acres. It is low and sickly. There is no house on it, but he dwells in a house built on high land belonging to the railroad company, immediately adjoining it ; and this house is distant from his own line less than three hundred yards. This was the condition of affairs when he purchased, and his vendor had built the house and so occupied it and the land for several years previous to his purchase. He is a man of family, owns no other land than this, and cultivates and derives his subsistence from it.

Is it exempt? Eighty acres are by law exempt, provided they are actually occupied as a homestead. In this instance, if we connect with his own tract the railroad land occupied by him, he will still have less than eighty acres. What the nature of his tenure of the railroad land is, does not appear, nor is it, perhaps, material, since any right in land actually occupied as a homestead will support a claim to exemption. In this instance the occupancy seems to have continued for several

years, and to have been acquired with the title to the forty-acre tract. We must conclude that it is permissive on the part of the railroad company, and constitutes at least a tenancy at will; so that plaintiff in error may be regarded as actually occupying as a homestead a tract *in solido* of eighty acres or less, as to a portion of which he is owner in fee, and as to the remainder, a tenant at will, or perhaps from year to year. Inasmuch as any interest or tenure, save that of a mere wrongful intruder or trespasser, will support a right of exemption, we conclude that plaintiff in error was, within the meaning of the statute, in such actual possession of the *locus in quo* as to constitute it his homestead.

Judgment reversed and cause remanded.