Eliza A. Berry v. Sol Dobson et al.

1. Homestead. *Exemption. Ownership necessary.*

Under code 1880, §§ 1248, 1249, providing for homestead exemption in lands " owned and occupied by the debtor as a residence" the right must in all cases be founded on ownership of some assignable interest in the land.

2. Same. *Occupancy. Tenant at will.*

Mere occupancy of land under a deed which confers no title, because the grantor had none, will not support a claim for homestead exemption. Nor can a widow derive any homestead right from her husband, who, with her, occupied at his death as tenant at will the land which he had conveyed to others.

From the chancery court of Rankin county.

Hon. H. C. Conn, Chancellor.

Appeal from decree sustaining demurrer to a bill. The facts alleged by the bill and admitted by the demurrer are as follows :—

In August, 1885, appellees, defendants in the court below, recovered a judgment against W. H. Berry and his wife, who then jointly owned and occupied the land in controversy as a homestead. In November, 1887, the joint owners conveyed the land to D. D. & L. W. Berry, who, however, withheld the deed from record until November, 1888. Afterwards the wife of W. H. Berry died, and in January, 1889, he married the appellant. Notwithstanding his conveyance of the land, W. H. Berry, both before and after his second marriage, continued to occupy the land, presumably with the consent of the grantees. W. H. Berry died in October, 1889, and his widow, the appellant, remained in occupation of the place.

W. H. Berry and his first wife had no children, and at her death he, being no longer the head of a family, lost his homestead right as against the judgment aforesaid, and, in July, 1888, appellees, the judgment-creditors, caused execution to be levied on the land. At that time the deed from the judgment-debtor to D. D. & L. W. Berry had not been filed for record, but, before the sale-day, they lodged it for record, and filed their bill against appellees to enjoin the sale under execution. W. H. Berry and his wife, the appel-

lant, were not parties to that suit. A temporary injunction was obtained, but, on the trial, complainants failed to show any notice to defendants of their unrecorded deed, and a final decree was rendered November 1, 1889, dissolving the injunction, and the land was decreed to be sold to satisfy the judgment, and Sol Dobson was appointed commissioner to execute the decree.

After the rendition of this decree, the appellant, widow of W. H. Berry, being still in occupation of the land, procured a deed therefor from D. D. & L. W. Berry and filed the bill in this cause against the commissioner and the appellees, reciting all the above facts, and seeking to have the sale by the commissioner enjoined. Her contention is, that, by virtue of her deed and her occupancy of the land with her family after the death of her husband, she has the homestead right as against appellees, the creditors of her husband.

Defendants demurred to the bill, the main ground assigned being that she showed no ownership by her of any interest in the land, and no right to any homestead exemption. The demurrer was sustained, and, complainant not having asked leave to amend, the bill was dismissed.

*H. S. Cole* and *Calhoon & Green,* for appellant.

1. Before any sale under the execution, W. H. Berry married again and appellant became his wife. Under these circumstances the land became homestead again and not subject to sale under execution. *Trotter* v. *Dobbs,* 38, Miss. 198; *Lessley* v. *Phipps,* 49 Ib. 796; *Jones* v. *Hart,* 62 Ib. 13; *Irwin* v. *Lewis,* 50 Ib. 363; *Letchford* v. *Cary,* 52 Ib. 791.

The widow was clearly entitled to homestead. Code 1880, § 1277. See Laws 1882, p. 112, which prevents even the partition of land occupied by the widow.

2. The fact that W. H. Berry had no title cannot affect the above conclusion. If his conveyance to strangers is to be used as a sword, we invoke it also as a shield. W. H. Berry's occupancy after his second marriage is presumed to have been permissive, and homestead rights as to third parties depend not on the title, but may

rest on occupation only. *King* v. *Sturges*, 56 Miss. 608 ; *Penning-ton* v. *Seal*, 49 Ib. 518 ; *Edmonson* v. *Meacham*, 50 Ib. 34; *Steen* v. *Hamblet*, 66 Ib. 112.

The conveyance to appellant by D. D. & L. W. Berry vested her with the absolute legal title. Although not lodged for record, the deed was good except as to creditors and subsequent purchasers without notice. The word "creditors" means lien creditors, and it is clear there can be no lien creditor in connection with the homestead. The registration was not designed to protect creditors who go to the expense and trouble of recovering judgment with reference to property that is only *apparently* subject to the lien sought. We find no case like the one at bar where the conveyance was made after the judgment recovered, and when there was no lien given it. When the judgment was rendered in July, 1885, there was no lien because of the homestead.

Lastly, the appellant being in occupancy of the land might well buy in the outstanding legal title. There had been no adjudication of *title*. The former decree of the chancery court had only enjoined the *sale*. This point, however, we do not press with entire confidence.

*J. R. Enochs* and *A. J. McLaurin*, for appellees.

Complainant has shown no right to interfere with the sale of this land. When she received her deed there was a decree in favor of defendants against her grantors for the sale of the land. They could not then have sustained the bill, and their grantee, of course, could not. *Lawson* v. *Shotwell*, 27 Miss. 630 ; *Stewart* v. *Stebbins*, 30 Nev. 56.

Complainant had no homestead interest in the land. Her husband and his former wife had conveyed all their title to D. D. & L. W. Berry, and their title under the deed had been adjudicated adversely and the land ordered to be sold. The deed to complainant was made after the decree. We admit that a debtor who has only a leasehold and is occupying the land may set up homestead, but it has never been held that one may establish a homestead in another's land in which he has no estate of any kind. Again, home-

stead can only be asserted against debts or judgments against the exemptionist.

Argued orally by *S. S. Calhoon* and *M. Green,* for appellant, and *A. J. McLaurin,* for appellees.

CAMPBELL, J., delivered the opinion of the court.

The appellant had no right as to the land *derivative from her deceased husband,* for he had no interest in the land which was transmissible. He was not owner of any estate in it. He was but tenant at will, and this tenancy terminated at his death. Homestead right is founded on ownership of some assignable interest in the land. It must be " *owned* and occupied." It may be the lowest kind of estate, but it must be *an interest in the land.* Code, § 1248. 9 Amer. & Eng. Enc. Law, Title, Homestead. The husband had no interest, whatever, in this land, but had conveyed it, and was a mere occupant. It would be a strange doctrine, that an owner of land could put a family on each quarter section of his land, and thereby place it beyond the reach of creditors, his own and the occupants, which would result, if the occupant could claim it as exempt.

The appellant had no right, by virtue of the conveyance of the land to her, for her grantors had nothing to convey. They had been adjudged against by the decree of the chancery court, and the appellant, as their grantee, was in privity with them, and bound by the decree.

*Affirmed.*