## LEE BENNETT ET AL. v. ELLA DEMPSEY.
### [48 South. 901.]

1. HOMESTEAD. *Abandonment. Conditional intent to return.*

Where a debtor ceased to reside upon his homestead and acquired a new one, he cannot claim the abandoned premises as exempt from execution, although he has not paid for the new one and constantly intended and still intends to return to the old in case he shall be unable to pay for the new.

2. SAME. *Mortgage.*

A mortgage on his homestead, diminishing the value of the mortgagor's interest in the property, does not enlarge the area or value of the land which he may claim as exempt.

3. SAME. SAME. *Disposal. Code* 1906, § 2158.

The giving of a mortgage on a homestead is not a disposal thereof, within Code 1906, § 2158, providing that where an owner disposes of exempt property it shall not thereby become liable to his debts.

FROM the chancery court of Winston county.

HON. JAMES MCCOOL, Chancellor.

Mrs. Dempsey, appellee, was complainant in the court below, and Bennett and others, comprising the partnership of Bennett Brothers & McMillin, appellants, were defendant there. From a decree in favor of complainant, enjoining defendants from selling under execution land claimed by appellee, Mrs. Dempsey, as a homestead, they appealed to the supreme court.

The opinion of the court states the facts.

*L. H. Hopkins,* for appellants.

The motion of appellants to dissolve the injunction should have been sustained. Homestead rights are to be protected according to law, but they should not be perverted into instrument of fraud. *Rutherford v. Jamison,* 65 Miss. 219.

This is not a suit to subject a homestead or the proceeds

thereof to the payment of debts. The mortgage executed to the Merchants & Farmers' Bank of Louisville for $1,320 could not be disturbed by a sale under the writ of execution and levy in this case, hence. Code 1906, § 2139, can have no bearing. Nor can the case of *Fitzgerald v. Rees*, 67 Miss. 463, because the two tracts of land did not join but are separated by a distance of not less than a quarter of a mile.

Code 1906, § 2157, governs this case. It provides that when an exemptionist ceases to reside on a homestead it becomes liable for his debts unless the removal be temporary by reason of casuality or necessity, and with the purpose of speedily re-occupying it as soon as the cause of separation is removed. *Thompson v. Tillotson*, 56 Miss. 36; *Moore v. Bradford*, 70 Miss. 70.

It can make no difference that the interest of appellee in the two places, after the payment of the mortgages, will amount to less than the homestead value allowed by the statute. Nor does the fact that there is a mortgage on the land, as cutting down the value of the same, debar a creditor's sale of land that would be liable if there were no mortgage.

The judgment of the justice of the peace was taken by default after personal service, and the evidence shows that the account sued on was partly appellee's individual debt, and that she agreed to pay the account due by her deceased husband. The question as to whether or not appellee owed the amount claimed by appellants will not be considered by this court in as much as appellee was regularly served with summons, but failed to make any sort of defense and allowed judgment to be taken against her for the full amount sued for. *Jones v. Coker*, 53 Miss. 195.

*Rogers & Bantley,* for appellee.

The appellee testified that the purchase money of the Riley place had not been paid, and that it was not her property until paid for; and that her homestead was the old Dempsey place where her husband died. She is still using the Dempsey place,

and has a legal right to it as her homestead although she occupies the Riley place. This court has held in the case of *Zukoski v. McIntyre,* 93 Miss. 806, 47 South. 435, that the homestead right is favored by law, and where there is any doubt whether the property is a homestead it should be settled in favor of the exemptionist.

Code 1900, § 2146, exempts from execution or attachment a homestead to the value of $3,000. We contend that this amount of $3,000 is to be freed from all purchase money due on the property. If we take the indebtedness of $2,200 due on both places, and hold that the values of the Dempsey homestead and the Riley property are together $3,500, the homestead interest of appellee will be only $1,300, when under the law she is entitled to $3,000 exemption. It would indeed be a cruel rule to subject a homestead to a sheriff's sale simply because the owner had borrowed money thereon in order to buy other property which she had not fully paid for; especially when such owner still claims the homestead under the statute.

In *Filzgerald v. Rees,* 67 Miss. 473, 6 South. 736, this question is discussed fully, and we refer the court to this decision as settling this case. See also *Thomas v. Thomas,* 45 Miss. 263; *Pennington v. Seal,* 49 Miss. 518.

Mayes, J., delivered the opinion of the court.

On the 31st day of December, 1906, Mrs. Ella Dempsey owned and occupied as a homestead the following described lands, towit: The E. 1-2 of N. W. 1-4, less 11 acres off the west side; the exact description of the land being set out in full in the bill filed herein. The above land lies just outside of the corporate limits of the town of Louisville, in Winston county. Mrs. Dempsey continued to own and occupy the above premises as a homestead until in the early part of 1908, when she purchased another place from one Riley; this latter place being about a quarter of a mile from the former, and being located in

the town of Louisville. The testimony shows that the Riley place cost her $1,680, and that the other place, outside of the corporate limits, and from which she moved, was of the value of about $2,000. There is no dispute as to the fact that early in 1908, when Mrs. Dempsey purchased the Riley place, she abandoned her former home, and moved into the Riley place, and commenced conducting a boarding house. She says that, if she fails to pay all that she now owes on the Riley place, she expects to move back on the place outside of the corporation, and claims that place as her homestead, and not the Riley place, in the event she fails to pay for the latter. In order to pay for the Riley place, she executed a mortgage on her then homestead to a bank of Louisville, and borrowed $1,320, which, after paying some other debts on the place, she used to make a partial payment on the Riley place, falling short about $880, which latter sum she borrowed from one McMillin. Now, at the time of the institution of this suit, Mrs. Dempsey was living at the Riley place, having abandoned her former home to take up her abode there, and she had a mortgage on both places, aggregating the sum of $2,200. Some time in May, 1908, and while Mrs. Dempsey was living at the Riley place, Bennett Bros. & McMillin, appellants, had an execution levied on the abondoned homestead for the purpose of satisfying a judgment that they had recovered against her in February, 1908, aggregating the sum of $158.78. After the levy of the execution Mrs. Dempsey enjoined the sale thereunder on the idea that the property was exempt, and the theory of the injunction seems to be that, because the net interest that Mrs. Dempsey has in the two properties, after paying off the mortgages, is less than the value of a homestead exemption, and because it is her intention to sell her former homestead and apply the proceeds of same to the payment of the debts due on both places, that therefore the abandoned homestead is not liable to creditors. The two places are separate and distinct, situated over a quarter of a mile apart,

and the aggregate value of the two places is proven to be $3,500. The court below sustained the injunction, making it perpetual, from which an appeal is prosecuted here.

There can be no doubt but that Mrs. Dempsey has abandoned the place lived on, and has established her home on the Riley place, in the town of Louisville, and her former home is therefore liable to the payment of her debts. Section 2146 of the Code of 1906 only exempts the land and buildings owned and occupied as a residence, and when occupation ceases the property, if still owned by the debtor, becomes liable to the creditor for the payment of debts. Section 2157, Code 1906, makes the homestead liable to debts whenever the debtor "shall cease to reside on his homestead," unless the removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying same, etc. Mrs. Dempsey's own testimony makes out a clear case of abandonment within the meaning of the statute. She has no purpose to return unless, as she says, she fails to pay for the Riley place. The court cannot presume this contingency will happen, and Mrs. Dempsey has no intention of returning unless it does. Her removal to the Riley place is permanent, in so far as she is able to make it so. The fact that she intends to sell her former place to pay for the Riley place does not alter the situation under the facts of this case. One can only hold as exempt the land and buildings owned and occupied as homestead, and occupation is one of the essentials necessary to a successful claim of exemption, except as modified by section 2157, and Mrs. Dempsey does not bring herself within that exception.

Neither can it make any difference that her net interest in the two places, after the payment of the mortgages, amounts to less than the homestead value allowed by the statute. The law only exempts one homestead. That homestead may be of the value of $3,000, or less than that value; but, if it be less than $3,000 in value, this does not warrant the debtor in claiming another tract of land, remote from the homestead and in no way used in

connection therewith, as exempt in order to make up the value of the homestead. The statute does not exempt lands of the value of $3,000 to a debtor, situated anywhere; but it exempts lands, etc., occupied as a residence, this land so occupied not to exceed in quantity one hundred and sixty acres, or in value the sum of $3,000, where the homestead claimed is in the country, as is the case here.

Nor does the fact that there is a mortgage on the land, thus cutting down the net value of same, authorize the claiming of a greater quantity of land than could be claimed if there were no mortgage. Section 2158 provides that, where the property exempted is disposed of by the owner, it shall not thereby become liable to the debts of the owner; but the giving of a mortgage on the exempt property is in no sense a disposal of the property within the meaning of the section. To dispose of the property, within the meaning of this section, is to part with all title thereto. There having been no sale of the property, and there being no attempt to subject the proceeds of the sale of the property to the creditors' debts, paragraph "b" of the tenth clause of section 2139 has no application.

There is a question raised as to whether or not Mrs. Dempsey owed the amounts claimed by Bennett Bros. & McMillin; but we deem it unimportant to discuss this feature of the case, since she was regularly served with summons and notified of the suit, but failed to make any sort of defense, and permitted judgment to be taken against her for the full amount sued for. The judgment concludes her from any collateral attack on same.

*Reversed and remanded.*