BARTON v. STATE.

(In Banc. Oct. 24, 1932. Suggestion of Error Overruled Nov. 21, 1932.)

[143 So. 861. No. 30098.]

**W. B. Alexander, Jr.,** of Cleveland, for appellant.

356

**Herbert Nunnery**, Assistant Attorney-General, for the State.

358

Argued orally by **W. B. Alexander, Jr.**, for appellant, and by **Herbert Nunnery**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of murder and sentenced to death. On his appeal he has submitted twelve assignments of error, all of which we have carefully examined. Two of these assignments have presented points which have not been free of difficulty, and we now briefly refer to them.

It was objected on the trial that the state's witness, Salena Moore, was not a competent witness, because it was asserted, and attempted to be proved, by appellant

that said witness was and is the common-law wife of appellant. The trial judge permitted full proof on this issue, and, after mature consideration and review of all the evidence, as shown by his opinion dictated into the record, he overruled the objection.

It is, of course, among the essentials of a valid common-law marriage that both parties must intend in good faith to live together in the relation of husband and wife, and that the union shall be permanent and exclusive of all others. 38 C. J. 1317, 1318. The agreement between the parties must be unequivocal and free from any reservations, mental or otherwise, to the full extent that, when consummated by cohabitation, nothing less than a decree of divorce pronounced by a court of competent jurisdiction can dissolve the relation. In order that there may be a valid common-law marriage, neither of the parties shall entertain the thought or intention that either of them could or would terminate the relationship without the consent of the state obtained in a valid proceeding in divorce.

Upon a careful examination of all and every part of the evidence bearing upon this issue, we have concluded that the circumstances, and particularly those which are the more significant in probative force, point to the probability that the arrangement between the parties here, whatever it was, did not measure up to the essential requirements above mentioned, and that the trial judge was justified by the evidence in his finding that there had been no marriage between these parties. In any event, we cannot say that the judge was clearly wrong, or that his decision was against the overwhelming weight of all the evidence produced before him on the subject.

The other assignment refers to the search of the house where the appellant was actually residing at the time. When the officers arrived at this house a few hours after the homicide, they first saw there only the woman, Salena Moore. This house had been jointly rented about March 1st by the woman, Salena Moore, and one Ben

Carter, and it is said that the woman occupied one of the two bedrooms and Carter the other. About July 1st thereafter appellant appeared on the scene, and from that time to August 15th, the date of the homicide, appellant and the woman, Salena Moore, occupied one of the rooms; it being claimed, as we have already stated, that appellant was there as the common-law husband of Salena Moore. The officers asked the woman who lived there, and she replied that Ben Carter lived there, and she further informed them that Carter was at that time absent. The officers then stated that they desired to enter and search through the house, to which the woman made no objection, but, on the contrary, invited them in. Upon entering and finding appellant there, the officers were informed particularly by the woman that appellant visited her there sometimes; this statement being made in the presence or hearing of appellant. Even if appellant had any right or title in the premises or to the possession thereof, which he did not have, he heard and acquiesced in the statement that he was only a visitor or guest there, and hence cannot complain of a search thereupon made. Visitors or guests are not within the protection of the constitutional provision against unlawful search and seizure. Polk v. State (Miss.), 142 So. 480, 481.

Affirmed, and Friday, November 25, 1932, is fixed as the date of execution. Affirmed.

**Anderson, J.,** delivered a dissenting opinion.

The evidence obtained against appellant (and it was very material and weighty) as a result of the search of the house occupied by Ben Carter, Salena Moore, and appellant ought to have been excluded on the ground that it was gotten by the search of his home without a warrant. The fact that the house searched was rented by Ben Carter and Salena Moore and occupied by them did not prevent it from being the home also of the ap-

pellant. It was the only home he had; he had occupied it as his home for something like a month and a half; he was there with the full consent of Ben Carter and Salena Moore; he was not a trespasser; he was there legally. It was as much appellant's home as it was that of Ben Carter and Salena Moore. The fact that appellant did not protest against the search did not mean that he gave his consent thereto, as this court has held in several cases.

In my opinion, the judgment ought to be reversed and appellant given another trial.

**Ethridge, J.**, delivered a dissenting opinion.

I think the evidence obtained in this case by the search of defendant's residence, and the seizure of his personal effects, without a warrant, was unauthorized and prejudicial.

There is no showing, under the proof offered on objection to the testimony, that the appellant was not living in this house, and was a mere guest. There was no reason why a warrant could not be obtained, and officers should always resort to warrants before searching a home or seizing property found in one which is not contraband, or is not unlawful to possess.

There is no authority for seizing lawful property without a warrant therefor, although the officer may not be a trespasser in entering the premises.

The mere statement by a woman who lived at the place that the officers might enter and search in no manner authorized their seizure of defendant's property and its use against him in the evidence.

I am further of the opinion that it was error to admit the testimony of Salena Moore as a witness against the appellant, because, under the proof in the case, I think, a marriage was established by competent evidence. In fact, there is no evidence sufficient to dispute such marriage. It is true that this was what is known as a

common-law marriage and not a ceremonial marriage; but there is no difference, in legal effect, between them.

If the life of a person is to hang upon, or be determined by, conflicting proof of a marriage to be decided by the judge alone, then a common-law marriage is a perilous venture.

I have never believed that a marriage should be consummated except through obtaining a marriage license, as is fully indicated by my dissenting opinion in Sims v. Sims, 122 Miss. 745, 85 So. 73, 75; but it is the established law that a marriage may be lawfully consummated by a mere agreement of the parties that they consider themselves as husband and wife, and the following of such agreement by cohabitation. The law does not require cohabitation for any continuous length of time, but such marriage must be determined by the agreement of the parties followed by cohabitation, and no mental reservation, not disclosed to the opposite party, will affect the validity of such marriage.

According to my views, the proof in this case overwhelmingly, and practically without dispute, established the agreement of the parties, Columbus Barton and Salena Moore, to be man and wife, followed by cohabitation. It is true they intended subsequently to go through a ceremonial marriage to satisfy the church and the lodges to which they belonged, but it was their intention to be, and they were, in fact, husband and wife, notwithstanding this intention to have a future ceremonial marriage.

The proof that the appellant had been previously married and was undivorced is insufficient to establish a previous marriage. It is true that he had lived with another woman and she had claimed to be his wife. The appellant testified, and it is not disputed, that there was never any agreement between them to marry; consequently, there is no proof that amounts to a legal certainty that Columbus Barton was incapable, by a previous marriage, to enter into a marriage with Salena

Moore. Her testimony, of course, was very material and very damaging to the appellant.