JONES *et al. v.* LAMENSDORF *et al.*

(Division B. April 20, 1936.

[167 So. 624. No. 32094.]

Shands, Elmore, Hallam & Causey, of Cleveland, for appellants.

568

**Roberts & Smith,** of Cleveland, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Hattie Thornton Jones, was formerly Hattie Thornton, the wife of Sam Thornton, and the other appellants, Susis Bass, Velma Johnson, Abbie Sanders, Mattie Phillips, Clayton Thornton, and Robert Thornton, are the children of Hattie and Sam Thornton. Sam Thornton died leaving certain personal property, and a tract of land consisting of eighty acres which had been occupied by Thornton and his family as a homestead and which was incumbered by a deed of trust in favor of the Federal Land Bank.

In 1930 the appellants applied to the appellee, M. Lamensdorf, for a loan giving the land as security therefor. Appellee agreed to lend the money provided the appellants would include in the loan an open account of three hundred eighty-six dollars owing by the deceased, Sam Thornton. At the time this arrangement was made Hattie Thornton had married Hardy Jones. The notes provided for interest from date until paid, a full year, when only nine months were involved on the first note, and the deed of trust provided for any other advances or supplies furnished to the borrowers.

In the early part of 1932, the deed of trust was foreclosed in pais; the land was purchased by R. G. Lamensdorf, the son of M. Lamensdorf, for eight hundred dollars; possession was immediately taken thereof, and the appellants became tenants or share croppers for that year. At the expiration of the year 1932, Lamensdorf required the appellants to move off and give him possession, and he thereafter rented said land to another.

The bill of complaint was filed on November 26, 1934, and alleged that the deed of trust was void for the reason that the interest charged exceeded twenty per cent, and that Hardy Jones had been forced to sign the deed of trust under threats of violence made by J. C. Walker, attorney for Lamensdorf, and who, at Lamensdorf's request, prepared the papers, but who has since died. It was also alleged that the deed of trust was void because the husbands and wives of some of the appellants were living on the land occupying it as a homestead, and they did not sign the papers.

In attempting to prove one of these marriages, the appellants offered to show that a common-law marriage had been entered into and the parties were living together as husband and wife prior to the execution of the deed of trust, and that they had been married ceremonially, by a license, two days after the deed of trust was executed. The court below refused to permit proof of the common-law marriage to be given, holding that as between the parties the proof might be competent, but not as to third persons.

Lamensdorf furnished different amounts to different persons for the years 1930 and 1931, and claimed that there was a balance due him, after deducting payments made by the appellants, which balance he claimed was secured by the appellants. Subsequent to the foreclosure of the deed of trust, certain payments were made to the Federal Land Bank, for installments due them, by Lamensdorf, and he also paid the taxes for certain years.

The interest stipulation on the notes was changed, after their execution, by J. C. Walker, who had them in possession for Lamensdorf, so as to show eight per cent from maturity rather than from date.

The court below appointed the court reporter as a special master to state accounts, and directed him to treat the three hundred eighty-six dollars which Lamensdorf required the appellants to assume as a condition of his

loan to them, as usurious interest, and to state how much interest was charged, and to state a separate account from 1930 to the foreclosure of the deed of trust, and another for the year between the foreclosure and the filing of the suit. The master found that the amount of interest charged on the loan was twenty-nine per cent, and stated an amount, as between the execution of the deed of trust and its foreclosure, for each of the parties that Lamensdorf had furnished, and also stated an account for the subsequent period showing payment of taxes and installments due the Federal Land Bank by Lamensdorf, and declared a lien upon the land as to the appellants and their interests, for the amount so found to be due, and undertook to re-establish the deed of trust, and the court decreed in accordance with the master's finding, and held that the notes given were void under section 1946, Code of 1930, but also held that the appellee was entitled to a lien for the supplies furnished under the deed of trust, and for the amount of the Federal Land Bank payments and taxes paid, and ordered the land to be sold if payment was not made within five days from that date. The amount found to be due Lamensdorf under the deed of trust was nine hundred ninety-two dollars and eighty-seven cents principal, with six per cent interest from March 5, 1932, constituting a total of one thousand one hundred eighty-nine dollars and eighty-four cents, and that of said amount, seven hundred sixty-one dollars and five cents with interest at six per cent from March 5, 1932, represented the amount paid for taxes, insurance, and Federal Land Bank payments. The court also held that the status existing at the date of its decree, June 28, 1935, would remain for that year, and fixed the value of rental for the year 1935 at four hundred twenty dollars, and from that decree this appeal is prosecuted.

Section 1946, Code of 1930, reads as follows: "The legal rate of interest on all notes, accounts and contracts shall be six per cent per annum; but contracts may be made, in

writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.''

Under this section, we think the entire contract was void as being in violation of the latter part of this section. The charging of interest at a rate above twenty per cent per annum is wholly contrary to public policy, and is so usurious that the courts should apply the statute in such manner as to discourage the practice. It follows therefore that the entire transaction, the note and deed of trust given at the time constituting one contract, is void, and both principal and interest were forfeited, and the court was correct in so holding.

We think the deed of trust was invalid for the purpose of securing advances thereafter made, and that Lamensdorf only has a right to personal judgments against each of the appellants for their accounts, and that the deed of trust did not constitute a lien upon the land to secure these open accounts. It appears, without dispute, that some of the signers of the deed of trust were married and living upon the land as a homestead, and that the husbands or wives did not sign, and in such cases the interest of the signer would not pass because of section 1765, Code of 1930, which secures to any family, or head of a family, an exemption of one hundred sixty acres of land to the value of three thousand dollars.

A tenant in common occupying with the consent of his cotenant is entitled to this exemption. McGrath v. Sinclair, 55 Miss. 89.

A homestead right is founded upon ownership of some assignable interest in the land. Berry v. Dobson, 68 Miss. 483, 10 So. 45.

A tenant at will of land containing a dwelling is entitled to the exemption. King v. Sturges, 56 Miss. 606, and Parisot v. Tucker, 65 Miss. 439, 4 So. 113.

The court below should have held, under the undisputed proof in the case, that the appellants were entitled to this exemption because they were married and living upon the land. We think the court also erred in excluding the evidence of the common-law marriage. A marriage good at common law is valid in this state. Sims v. Sims, 122 Miss. 745, 85 So. 73; Sykes v. Sykes, 162 Miss. 487, 139 So. 853. To establish the existence of a common-law marriage it is only necessary to show an agreement between the parties that they are husband and wife, followed by cohabitation. Sims v. Sims, supra; Hunt v. Hunt, 172 Miss. 732, 161 So. 119, 8 R. C. L. 392, sec. 13; Barton v. State, 165 Miss. 355, 143 So. 861.

This exemption, of course, if it existed, would prevent the declaring of a lien on the land for the interest of these parties, as against the debts which they, themselves, might owe, as well as the debts of others.

We think Lamensdorf is entitled to reimbursement for payments made to the Federal Land Bank to preserve the property. As to the payment of taxes by Lamensdorf, and the improvements he made upon the property during the period between the foreclosure and the decree, they should be considered in connection with the rental due for occupation of the lands for the years 1932, 1933, and 1934. It appears that the rental for 1933 and 1934 would exceed the amount paid for improvements and taxes, and we think Lamensdorf should be charged with a reasonable value of rent for the year 1932, and his accounts for improvements considered in connection therewith. It is not what he actually made upon the place, or the net profits involved in its operation, that is the

measure of value of the rent due, it is what the premises were reasonably worth when managed with skill and care.

The decree of the court below is affirmed in so far as it holds that the notes were void; but as to the accounts of the several appellants during the year 1930-1931, and for the failure of the court to adjudge that the alteration of the notes was material, and to award a partition charging the several interests with liens for the amounts due Lamensdorf for payments he made to the Federal Land Bank, and for taxes he may have paid during the years of the rental of the property involved, if they exceeded the rents, balancing the rent due with improvements, taxes, etc., and for the error of the court below in refusing to receive evidence of the common-law marriage, and for the court's failure to grant a partition, and in case the land is not capable of partition in kind, to direct that it be sold, with directions to pay any amount due Lamensdorf, the decree will be reversed.

Affirmed in part, reversed in part, and remanded.