## CLARK *et al. v.* EDWARDS.

(Division A. Dec. 6, 1937. Suggestion of Error Overruled Jan. 3, 1938.)

[177 So. 361. No. 32922.]

Neill & Townsend, of Indianola, for appellants.

Cooper & Thomas, of Indianola, and **H. Lee Herring**, of Ruleville, for appellee.

Argued orally by **S. D. Neill**, for appellant, and by **Forrest G. Cooper**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

W. M. Edwards, a widower, died owning 120 acres of land, which constituted his homestead under section 1765, Code of 1930, on which he had given a deed of trust to secure the payment of an indebtedness of $3,564.74. After his death this deed of trust was foreclosed by the trustee. It brought $5,500 at the foreclosure sale, and the excess thereof over the money secured by the deed of trust was paid by the trustee to Edwards' executor. Several creditors had probated claims against Edwards' estate, and the question for decision here is whether this money in the hands of his executor is exempt from the payment of these debts.

The homestead permitted by section 1765, Code of 1930, is a tract of land not to exceed in quantity 160 acres and in value $3,000. The appellee's contention is that this $3,000 is not the value of the land itself but of the owner's interest therein, which was here the value of the land less the mortgage thereon, citing in support thereof, among other authorities, 29 C. J. section 102, at page 828, wherein it is said: "While there is some authority to the contrary it is generally held that, in ascertaining the value of premises claimed as a homestead valid and subsisting, legal encumbrances are to be deducted." The holding in the court below was in accordance with this contention, and this money in the hands of the executor was held not to be subject to the decedent's debts.

This question must be decided in each jurisdiction on the statutes relating thereto, or deductions to be made therefrom. According to section 1765, Code of 1930, the limitation of $3,000 is on the value of the land and not of the owner's interest therein. The exemption granted is not on any particular interest in the land. This interest need not be ownership in fee simple. Tanner v. Tanner, 111 Miss. 460, at page 467, 71 So. 749; McGrath v. Sinclair, 55 Miss. 89; King v. Sturges, 56 Miss. 606. All that is necessary is that the exemptionist have an assignable interest in the land. · Berry v. Dobson, 68 Miss. 483, 10 So. 45; Stuart v. Kennedy & Co., 145 Miss. 728, 110 So. 847, and, when he has such an interest, the exemption covers the land to the extent of $3,000 in value, although the value of the exemptioner's interest therein may be less than that amount. This holding is in accord with, and probably necessitated by, Bennett v. Dempsey, 94 Miss. 406, 48 So. 901, 902, 136 Am. St. Rep. 584, wherein the court said: "Nor does the fact that there is a mortgage on the land, thus cutting down the net value of same, authorize the claiming of a greater quantity of land than could be claimed if there were no mortgage." Neither sections 1765, 1771, nor 1772, Code of 1930, which two latter provide for the sale of a homestead for debt where its value exceeds $3,000, provides that in ascertaining this value existing encumbrances on the land must be deducted from the land's actual value, nor has any other statute so providing been called to our attention.

To hold in accordance with the appellee's contention would be, in effect, to amend section 1765, Code of 1930, under the guise of interpretation. This we are not at liberty to do.

Reversed and remanded.