**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-60084
_____

In the Matter of: VANESSA ANN COBBINS


Debtor.

_____


VANESSA ANN COBBINS,


Appellant,

versus


DEREK A. HENDERSON,


Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi

_____

September 27, 2000

Before DUHÉ, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:

We affirm for substantially the reasons stated by the bankruptcy court. *See In re Cobbins*,

234 B.R. 882 (Bankr. S.D. Miss. 1999).

AFFIRMED.

APPENDIX A

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.
In re Vanessa Ann COBBINS.
Bankruptcy No. 98-05315JEE.
June 1, 1999.

EDWARD ELLINGTON, Chief Judge.

This matter came on for trial on April 22, 1999, at 9:30 a.m. on the Trustee's Objection to Exemption filed by the Chapter 7 Trustee, Derek A. Henderson. The Debtor, Vanessa Ann Cobbins, her counsel, and the Trustee appeared at the trial. Having considered the record, the written and oral stipulations of the parties, and the oral arguments and briefs presented by counsel, the Court concludes that the Trustee's Objection to Exemption should be sustained.

FINDINGS OF FACT

The facts of this case were primarily established by written stipulation of the parties entered into the record at trial. On October 9, 1998, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code.[1] Derek A. Henderson was appointed Trustee. The Debtor owns a mobile home which she has occupied as her residence for approximately seven years, although the land upon which the mobile home is situated belongs to the debtor's mother. Despite the fact that the Debtor has no title interest in the land whereupon her mobile home is located, she has nevertheless, in her bankruptcy schedules, claimed the mobile home as exempt homestead property

---

[1]Hereinafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise stated.

pursuant to Mississippi Code Annotated § 85-3-21 (1972). The Trustee timely filed his Objection to Exemption, contending that the mobile home cannot be claimed as exempt property pursuant to Mississippi's homestead exemption statute.

The parties also orally stipulated at trial that there are no liens against the mobile home and that its value is less than $75,000 so that, in the event the Court determined that Mississippi Code Annotated § 85-3-21 applied to exempt the value of the mobile home from the Debtor's bankruptcy estate property, the amount of the exemption would fall within the provisions of the statute.

CONCLUSIONS OF LAW

I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. §1334(b) and (e). This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (b)(2)(B).

II.

As stated by the parties, the issue before the Court is whether the Debtor, who does not own the land on which her mobile home is located, may nevertheless claim the mobile home as exempt homestead property pursuant to Mississippi Code Annotated § 85-3-21, which provides:

Every citizen of this state, male or female, being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of Seventy-Five Thousand Dollars ($75,000.00); provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted

-3-

from the actual value of such land and buildings. But husband or wife, widower or widow, over sixty (60) years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not residing therein. Miss.Code Ann. § 85-3-21.

At trial, the Court rephrased the issue as whether the Debtor may claim homestead exemption in a "home" without also being a landowner, and the parties agreed that this restatement more clearly defined the issue at hand.[2] To that end, the Debtor maintains that the purpose of the homestead exemption statute is to protect a person's "home" from the reach of creditors, and that consequently, the focus of the statute should be upon the use of the property as a home, rather than simply upon whether the person claiming such an exemption is a landowner. The Trustee, on the other hand, argues that the value of the Debtor's mobile home cannot be exempted from her bankruptcy estate as only a landowner may claim property as exempt under Mississippi's homestead exemption statute.

Although Mississippi law is clear that a debtor who owns both the land and the mobile home may claim an exemption of the property as homestead pursuant to Mississippi Code Annotated § 85-3-21, the parties did not cite, nor has the Court become aware of any Mississippi case which directly addresses whether a debtor may claim a mobile home as exempt property pursuant to the homestead statute where the debtor does not also own the land upon which the mobile home is situated. Thus, the Court has, in addition to considering the parties' arguments, reviewed Mississippi's general session laws, additional case law, and other pertinent authorities which are instructive on the issue.

A.

_____

[2]Though in this particular case the Court concentrated on the debtor's status, or lack thereof as a "landowner," the Court is nevertheless mindful that Mississippi's homestead exemption statute extends its protection to exemptionists who have an otherwise "assignable interest" in land.

The history of Mississippi's homestead exemption law reveals that since its inception, the focus of the statute has been upon ownership of land. For example, in 1848, the statute included the following relevant provisions:

1) That every free white citizen of this state, male or female, being the head of a family, shall be entitled to own, hold and possess, free and exempt from sale by virtue of any judgment, order or decree of any court of law or equity in this state, ... one hundred and sixty acres of land ....

2) That when any head of a family shall own a greater quantity of land than one quarter section, the one hundred and sixty acres exempt from sale shall be so reserved as to include the dwelling-house and improvements of the owner, if there be any thereon; ....

3) That every head of a family ... shall be entitled to own, hold and possess, free from sale as aforesaid, lands within such city, town or village, of the value of fifteen hundred dollars, exclusive of the buildings and improvements thereon ....

Chapter 62, Article 17, Mississippi Code of 1848 (emphasis added). Thus, the original homestead law focused on the head of a family being allowed to exempt 160 acres of land which he or she owned, held and possessed, and on the value of the land being determined without including the value of the buildings upon it. *Id.*

In 1857, the statute was amended to substitute the phrase "being a householder and having a family" for "head of a family," and the statute was further amended to allow the exemption for "the land and buildings owned and occupied as a residence." Chapter 61, Article 281, Mississippi Code of 1857. Nonetheless, the focus of the statute remained upon the land itself–its acreage and value. Moreover, changes following the 1857 amendments were relatively infrequent and for the most part, minimal. For instance, after the value of the land exemption was increased in 1871 to $2000, the

statute remained basically intact until 1906, when the dollar amount of the exemption was again increased. See Section 2135, Mississippi Code of 1871; Section 1248, Mississippi Code of 1880; Section 1970, Mississippi Code of 1892; Section 2146, Mississippi Code of 1906. And, although the statute was once amended to decrease the amount of acreage which could be claimed as exempt property, it was soon restored to the original 160 acre exemption. See Section 2135, Mississippi Code of 187; Section 1970, Mississippi Code of 1892.

Other than subsequent periodic increases in the value of the land to be exempted, few substantiative changes in the statute occurred except in 1917, when it was amended to excuse persons over sixty years from the occupancy requirement; in 1942, when it was amended to allow for the deduction of taxes and other liens from the value of the land and buildings; and, in 1979, when the phrase "having a family" was deleted so that homestead exemption could be claimed by unmarried landowners. See Section 1821, Mississippi Code of 1917; Miss. Code Ann. §317 (1942); Miss. Code Ann. § 85-3-21 (1972), as amended.

Accordingly, the history of Mississippi's homestead exemption statute indicates that, despite numerous increases in the value of the land to be exempted, adjustments in the amount of acreage which could be claimed as exempt, and accommodations regarding the persons who are entitled to claim the exemption, the thrust of the law itself has remained the same: only a landowner, or one with an assignable interest in land, is entitled to claim homestead exemption.

B.

Despite the statutory history of Mississippi Code Annotated § 85-3-21, the Debtor nevertheless urges the Court to find that mobile homes are encompassed within the property which can be claimed exempt under Mississippi's homestead statute. In support of her position, the Debtor

presented at trial evidence from the 1990 Census of Population and Housing that at that time there were 129,435 mobile homes with complete plumbing facilities within Mississippi. In addition, she presented an industry fact sheet prepared by the Mississippi Manufactured Housing Association which estimated the number of manufactured homes within the state to have increased to 197,847 in 1998, thereby creating an estimated annual economic impact of $1,100,000,000 on the state in that year. The Debtor asserts that these figures lend support to her argument that because the nature of housing has changed considerably in recent years, the focus of the statute must now be upon the protection of a "home," mobile or fixed, rather than upon the resident's status as a landowner, and that consequently, a mobile home should be considered property entitled to exemption within the purview of Mississippi Code Annotated § 85-3-21.

There is case law to the effect that the homestead statute must be liberally construed in the exemptionist's favor. *See, e.g., Levis-Zukoski Mercantile Co. v. McIntyre*, 93 Miss. 806, 47 So. 435 (1908) ("The homestead right being a favored one in law, whenever there is serious doubt as to whether the property is or is not a homestead, the doubt should be resolved in favor of the exemptionist, sustaining, instead of defeating, the estate, which is created by sound public policy."); *Dogan v. Cooley*, 184 Miss. 106, 185 So. 783, 790 (1939) ("The exemption laws of the state have been liberally construed ... to guard the family from the pitiless consequences of imprudence and the harsh lashing of adversity."); *Daily v. Gulfport*, 212 Miss. 361, 54 So.2d 485 (1951) ("statutes granting homestead exemption are entitled to be liberally construed"); *Biggs v. Roberts*, 237 Miss. 406, 115 So.2d 151 (1959) ("exemption laws are construed liberally in favor of the owner of the property exempted"); *Matter of Williamson*, 844 F.2d 1166, 1169 (5th Cir.1988) ("In construing the homestead statute, the Mississippi Supreme Court has established a rule of construction that requires

resolution of doubt or ambiguity in the exemptionist's favor [because] [t]he concern of the homestead exemption provision is to protect the entire family from the misfortunes or imprudence of its primary breadwinner, referred to in the statutory language as householder.").

However, even though many Mississippi cases advocate a liberal construction of the homestead exemption law, and even though decisions from other jurisdictions provide support for the Debtor's argument that a mobile home used as a residence may be eligible for homestead exemption in certain circumstances, *see, e.g., In re Laube*, 152 B.R. 260 (Bankr.W.D.Wis.1993); *Gann v. Montgomery*, 210 S.W.2d 255 (Tex.Civ.App.--Fort Worth 1948), *writ ref'd n.r.e.*; *In re Goad*, 161 B.R. 161 (Bankr.W.D.Va.1993); *In re Harris*, 166 B.R. 163 (Bankr.D.Colo.1994); *In re Meola*, 158 B.R. 881 (Bankr.S.D.Fla.1993), it is nevertheless clear that the history and case law surrounding Mississippi's homestead statute emphasize its underlying requirement of land ownership. For example, in *Berry v. Dobson*, the court stated that the "[h]omestead right is founded on ownership of some assignable interest in the land." *Berry v. Dobson*, 68 Miss. 483, 10 So. 45 (1891). The *Berry* court concluded that the land must be "owned and occupied," and even though "[i]t may be the lowest kind of estate, [there yet] must be an interest in the land." *Id.* Moreover, the court found that mere occupancy of the land under a deed which failed to confer title was insufficient to support a claim for homestead exemption, noting that "[i]t would be a strange doctrine that an owner of land could put a family on each quarter section of his land, and thereby place it beyond the reach of creditors,–his own and the occupant's,–which would result, if the occupant could claim it as exempt." *Id.*

Subsequent cases continued to reason that a Mississippi homestead exemptionist must be a landowner. *See, e.g., Wiseman v. Parker*, 73 Miss. 378, 19 So. 102 (1895) ("The right to select

[homestead exemption] by a statutory declaration belongs solely to the owner of the lands."); *Stuart v. Kennedy & Co.*, 145 Miss. 728, 110 So. 847, 849 (1927) ("Stuart never had any title of any kind or description to the land, and, therefore, had no right to file a homestead declaration, having no title to base this homestead exemption upon."); *Jones v. Lamensdorf*, 175 Miss. 565, 167 So. 624 (1936) ("A homestead right is founded upon ownership of some assignable interest in the land."); *Clark v. Edwards*, 180 Miss. 97, 177 So. 361 (1937) ("All that is necessary is that the exemptionist have an assignable interest in the land."), *overruled on another point*, *Dogan v. Cooley*, 184 Miss. 106, 185 So. 783 (1939); *Davis v. Davidor*, 200 Miss. 657, 27 So.2d 371, 373 (1946) ("[I]t is necessary that the claimant own a conveyable estate in the actually occupied land....If the husband owns no assignable interest in the land, then the statute has no application. In such case there is nothing for the statute to protect and nothing upon which it can operate."); *B.L. McGee v. Chickasaw County School Bd.*, 239 Miss. 5, 9, 120 So.2d 778, 780 (1960) ("[I]t is sufficient to say that one does not own homestead rights in property unless he has some legal right to the possession of the property in question.").

The requirement of land ownership under Mississippi Code Annotated §85-3-21 was more recently addressed in the case of *Matter of Williamson*, wherein the Fifth Circuit reiterated that the "homestead right must be predicated on 'ownership of some assignable interest in land.' " *Matter of Williamson*, 844 F.2d 1166, 1171 (5th Cir.1988) (quoting *Jones v. Lamensdorf*, 175 Miss. 565, 576, 167 So. 624, 626 (1936)). "If the householder owns no assignable interest in the land, then the statute does not apply because there is nothing for it to protect." *Williamson*, 844 F.2d at 1171. And, the court further acknowledged, "the purpose of the exemption is to allow a property owner to hold land for the support of himself and his family." *Id.* at 1172 (citing Comment, *Homestead*

*Exemption Law in Mississippi as It Affects the Claims of Creditors*, 36 Miss. L.J. 69, 73-74 (1964)).

The Debtor maintains, however, that the better interpretation of the *Williamson* decision is that the land or the buildings thereon may be subject to the homestead exemption statute, a contention which she bases on the following statements.

As Mississippi courts recognize, the "controlling factor" in determining the homestead character of any given parcel is "whether or not the property is devoted to homestead purposes...." Certainly in the usual situation, the householder will have owned and sold the family home as part of the realty. However, nothing in the statute compels or even suggests to us that "land and buildings" as used therein represents anything other than categories of property the householder is entitled, within limits, to hold as exempt from execution or attachment. *Williamson*, 844 F.2d at 1170 (citation omitted). Yet, a careful reading of *Williamson* reveals not only that the facts of that case are distinguishable from those of the matter at hand, but that in the end, the *Williamson* court reached a conclusion at odds with the debtor's suggested interpretation.

First, it is clear that the debtor in *Williamson* held an assignable leasehold interest in real property as required by Mississippi Code Annotated § 85-3-21, for the opinion states that "Williamson conveyed fee in the property to H.L. Brooks while retaining a one-year leasehold in two unspecified acres." *Id.* at 1168. Furthermore, the opinion reflects that the deed "specifically excluded his mobile home from the conveyance," *id.* at 1168, and that "the homestead character of Williamson's mobile home ... is irrelevant ... because Williamson makes no claim of exemption in the mobile home," *id.* at 1170, n. 12. The Williamson court did not, therefore, even address the issue of whether a mobile home owned by a debtor might, in and of itself, be held exempt homestead property separate and apart from land in which a debtor holds no interest.

Moreover, the issue in the *Williamson* case was whether the phrase "land and buildings" imposed upon the debtor a requirement to sell both his land and his mobile home in order to claim homestead exemption in proceeds from the sale of the land alone. The court held that the term "land and buildings" as used within Mississippi Code Annotated § 85-3-21 did not require the debtor to sell both his land and his mobile home. Thus, although the court did recognize that the phrase "land and buildings" represents "categories of property the householder is entitled, within limits, to hold as exempt," it simply did not thereby imply that such property can be separately categorized into "land" or "buildings" so as to provide a non-landowner protection under Mississippi's homestead exemption statute.

Finally, on September 22, 1998, in *Matter of Debbie Faye Edwards*, Case No. 98-51228EEG, Judge Edward R. Gaines, Bankruptcy Judge for the Southern District of Mississippi, issued an order based on the above referenced Williamson case, that a debtor's mobile home located in a commercial trailer park does not qualify for exemption under the Mississippi homestead statute.

Accordingly, the Court, although empathetic to the debtor's position, concludes that the history of Mississippi's homestead statute and the case law which has interpreted it to date mandate a finding that the debtor not be allowed to claim her mobile home as exempt homestead property pursuant to Mississippi Code Annotated § 85-3-21.

III.

Although the parties did not specifically address the issue during trial, as a closing note, the Court observes that under Mississippi law, the debtor cannot claim an exemption of her mobile home as personal property either. Prior to 1995, a debtor was able to claim a mobile home valued at less than $10,000 as exempt personal property since the 1994 version of Mississippi Code Annotated S

85-3-1 stated:

§ 85-3-1.  Property exempt from seizure under execution or attachment.

There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor;  ...

However, in 1995, that section was amended as follows:

§ 85-3-1.  Property exempt from seizure under execution or attachment.

There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of the following kinds, selected by the debtor, not exceeding Ten Thousand Dollars ($10,000.00) in cumulative value:

(i) Household goods, wearing apparel, books, animals or crops;

(ii) Motor vehicles;

(iii) Implements, professional books or tools of the trade;

(iv) Cash on hand;

(v) Professionally prescribed health aids.   Household goods, as used in this paragraph (a) means clothing, furniture, appliances, one (1) radio and one (1) television, linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the debtor and his dependants; however, works of art, electronic entertainment equipment (except one (1) television and one (1) radio), jewelry (other than wedding rings), and items acquired as antiques are not included within the scope of the term "household goods".... Miss.Code Ann. § 85-3-1.   Thus, as a result of the 1995 amendment limiting the range of personal property that may be exempted from seizure, a debtor is also prohibited from claiming a mobile home as exempt personal property.

CONCLUSION

Having considered the arguments of the parties, the history of Mississippi's homestead exemption statute, and the reasoning expressed in interpretive case law, the Court is persuaded that the Debtor cannot claim her mobile home, in and of itself, as exempt homestead property pursuant to Mississippi Code Annotated § 85-3-21, nor as exempt personal property pursuant to Mississippi Code Annotated § 85-3-1.

Therefore, the Trustee's Objection to Exemption should be sustained, and a separate final judgment consistent with this opinion will be entered in accordance with Rule 9021 of the Federal Rules of Bankruptcy Procedure.

FINAL JUDGMENT ON TRUSTEE'S OBJECTION TO EXEMPTION

Consistent with the "Findings of Fact and Conclusions of Law" dated contemporaneously herewith

IT IS HEREBY ORDERED AND ADJUDGED that the Trustee's Objection to Exemption is sustained.

This judgment is a final judgment for the purposes of Federal Rule of Bankruptcy Procedure 9021.

Bkrtcy.S.D.Miss.,1999.