McGee *v.* Chickasaw County School Board, et al.

No. 41421          May 23, 1960          120 So. 2d 778

*E. L. Lamar,* Pittsboro, for appellant.

*John H. Shands,* Tupelo; *C. H. McCraine, Jr.,* Houston, for appellees.

McGEHEE, C. J.

On November 29, 1958, the Chickasaw County School Board, and the Trustees of the Pleasant Grove School

District which was abolished on May 8, 1954, and consolidated with the Houston Consolidated School District as a part of the County Unit System, and certain other persons filed this suit and obtained an injunction against the appellant B. L. McGee, alleging that he was continuing to trespass upon a small parcel of land which had been conveyed by F. M. Naron and Wife Mary Naron during the year 1927, and which conveyance was filed for record on January 29, 1927, in favor of J. W. Jones, W. O. Langley and O. S. Alford, Trustees of the Pleasant Grove Public School, and their successors in office "to hold and to be used for Pleasant Grove School property as long as used for school purposes or public meeting for the good of the community."

On December 6, 1957, the said F. M. Naron and Wife executed a quitclaim deed in favor of the appellant B. L. McGee for about one acre of the said parcel of land on which the school building of the Pleasant Grove School District was located. On April 7, 1958, the County Board of Education of Chickasaw County entered an order on its minutes to the effect that "the Pleasant Grove School building, located in the Thorn Community, be turned over to the community to be used for a community center and voting precinct." Subsequent to that time the appellant B. L. McGee had entered into the possession of said school building under the quitclaim deed of December 6, 1957, and was occupying the building as his homestead in connection with some adjacent land owned by him.

Upon the hearing of this cause the chancellor granted an injunction requiring the appellant to vacate the said premises within sixty days from and after March 13, 1959, and from that action of the trial court this appeal was taken without supersedeas.

One of the questions which arises on this appeal is whether or not the Chickasaw County School Board is a proper party to bring this suit. Under Chapter 29 of the Laws of the Extraordinary Session of the Legislature

of 1953, it is provided by Section 1 of the said chapter that "When any school district now existing or hereafter created under any of the laws of this state shall be dissolved, abolished or discontinued, either as a result of the reorganization and reconstitution of school district * * * or otherwise * * *then all funds, property, and other assets which shall belong to such school district at the time of the dissolution or discontinuance thereof shall become the property, funds, and assets of the school district to which the territory formerly comprising such dissolved district is annexed." The proof disclosed that since the school building had ceased to be used for school purposes on May 8, 1954, the school building has been used for a voting precinct, community center, a meeting place for ladies groups, church purposes and home demonstration meetings.

Section 6328-103, Code of 1942, (Chap. 596, Laws of 1958) provides: "Whenever the board of trustees of any school district shall find and determine, by resolution duly and lawfully adopted and spread upon its minutes (a) that any school building, land, property or other school facility is no longer needed for school or related purposes and is not to be used in the operation of the schools of the district, (b) that the sale of the property in the manner otherwise provided by law is not necessary or desirable for the financial welfare of the school district, and (c) that the use of the school building, land, property or other school facility for the purpose for which it is to be sold, conveyed or leased will promote and foster the development and improvement of the community in which it is located and the civic, social, educational, cultural, moral, economic or industrial welfare thereof, the board of trustees of such school district shall be authorized and empowered, in its discretion, and upon the terms and conditions hereinafter set forth, to sell, convey, lease or otherwise dispose of same for any of the purposes set forth herein, and such sale, conveyance, lease or other disposition shall be made upon such terms

and conditions and for such consideration, nominal or otherwise, as the board of trustees may, in its discretion, deem proper in consideration of the benefits which will inure to the school district or the community in which the school building, property or other facility is located by the use thereof for the purpose for which it is to be sold, conveyed, leased or otherwise disposed of.''

Section 6328-104, Code of 1942, (Chap. 596, Laws of 1958), provides, among other things, that ''School buildings * * * may be sold, conveyed, leased or otherwise disposed of under this act to any group of persons * * * to be used as a civic, community, recreational or other center * * *,''

■■ ■ There has been no formal lease or conveyance executed insofar as this property is concerned, as contemplated by Section 6328-106, Code of 1942, (Chap. 596, Laws or 1958), but the property is being used for community purposes and has been used for such purposes since the Pleasant Grove School District was abolished on May 8, 1954, in accordance with the terms of the deed of conveyance from F. M. Naron and Wife to the Trustees of the Pleasant Grove School District. Assuming, without deciding, that a conditional or qualified estate was created by the deed from Naron and Wife, the time has not arrived for any reentry of the premises by the said grantors. The property is still being used for the purposes provided for in the deed to the school trustees from Naron and Wife, and we therefore deem it unnecessary to pass upon the question of whether the Naron deed to the trustees vested merely a conditional estate, and we decline, because it is unnecessary, to pass upon that question. Cf. Board of Supervisors of Franklin County v. Newell, et al., 213 Miss. 274, 56 So. 2d 689.

As to the alleged homestead rights of the appellant in the property, it is sufficient to say that one does not own homestead rights in property unless he has some legal right to the possession of the property in question. Here the property has not ceased to be used for the pur-

poses provided for in the deed from F. M. Naron and Wife to the trustees of the school district.

From the foregoing views, it follows that the decree appealed from should be affirmed.

Affirmed.

*Lee, Kyle, Ethridge* and *Gillespie, JJ.,* concur.