McINNIS *v.* BD. OF EDUCATION OF MADISON COUNTY, MISS.

No. 42024          November 27, 1961          135 So. 2d 180

*Will S. Wells,* Jackson, for appellant.

414

*Goza & Case,* Canton, for appellee.

McELROY, J.

This is an appeal from a final decree rendered by the Chancery Court of Madison County. Appellee, as complainant in the lower court, filed its bill to cancel certain deeds, claiming them to be clouds on the title to approximately 2 acres of land in Madison County, which appellee claimed to own in fee simple. From a decree of the Chancellor cancelling these instruments and adjudging the title to the land to be in the Board of Education of Madison County, this appeal is taken.

The facts in this case are to the effect that in 1923 some colored residents of south Madison County, living near the Hinds County line, began an effort to establish a school. After consultation with the County Superintendents of Madison and Hinds Counties the negroes raised a total of $1,500. $150 from Hinds County, $600 was given from the Rosenwald Fund, and the balance being raised by private subscription. The colored patrons of the proposed school elected Friley Thompson, Sam Williams and William Hayes, Trustees. These trustees purchased the two acres of property in Madison County for the sum of $200. The conveyance recited "from William Hayes and Margaret Hayes, his wife, to Friley Thompson, Sam Williams and William Hayes, Trustees, of County Line Clear Lake School and their successors and assigns, parties of the second part." In 1923 at the time of the conveyance the County Line Clear Lake School property was within the geographical area embraced by the Ridgeland Consolidated School District.

In 1932 the Ridgeland Consolidated School District was abolished and its territory was included in the Madison-Ridgeland Separate School District, at which time this was a rural separate school district. The school was operated and conducted as a public school continuously from the date the school was erected except for a couple of years when other facilities were available at Touga-

loo. The school was operated according to the evidence as other public schools, teachers being paid by the Madison County School Board or Superintendent of Education, supplies and text books were furnished. In 1956 the County Line Clear Lake school became a part of the Madison County School District, and the members of the Board of Trustees of the Madison County School District attempted to sell the land on which the County Line Clear Lake school was situated. It had been abandoned some years before and in some mysterious way the school building had disappeared.

Under the school laws of 1953 Madison County was organized into the Canton Separate School District and the Madison County School District, thus embracing all of the schools outside the Canton Separate School District. The Madison County School District in its reorganization took over the property belonging to the County Line Clear Lake School, and the said property taken over was inventoried by said district as part of its property.

The learned Chancellor in his ruling stated that the title to the County Line Clear Lake School property was taken by the grantees or trustees for the purpose of providing a school. They were the owners of the naked legal title, and the beneficiary title vested in the Ridgeland Consolidated School District, and, by operation of law, in the Madison-Ridgeland Consolidated School District, and finally in the Madison County School District or the Board of Education of Madison County. He further stated that the deed attacked in this proceeding was executed by Friley Thompson, Will Hayes, Sam Williams, and others described as the beneficiaries of Will Hayes. Friley Thompson, Will Hayes and Sam Williams could not convey said lands as individuals for their own benefit, and had only the right to see that said land was used for school purposes. The devisees of Mary Hayes had no title to said land, since Will Hayes

and Margaret Hayes had sold the land and therefore had no title to the two acres in question when they died. He further stated that he was of the opinion and so held that, by operation of law the title to said land became vested in the Board of Education of Madison County and that the deeds to the defendant were of no effect and should be cancelled as a cloud on the title of the complainant.

We are of the opinion that the Chancellor was eminently correct in his holding.

In 47 Am. Jur., Schools, Section 65 states: "The ownership of school property is generally in the local district or school board as trustee for the public at large. Such property occupies the status of public property and is not to be regarded as the private property of the school district by which it is held or wherein it is located.

"The character of the estate acquired by the school district, depending upon the terms of the deed, may constitute merely an easement or a fee, with limitations as to the uses to which the property may be put. It has been said that a school district, or a town as its successor, holding realty in trust solely for school purposes acquires neither a fee simple absolute nor a qualified fee, and has no marketable title thereto. In the absence of any restrictions or limitations on the title, however, a school district may take a fee simple title.

"Since the ownership of school property is generally in the local district as trustee for the public at large, the legislature may control or dispose of property held in trust by school districts without the consent of the local bodies, so long as it does not apply it in contravention of the trust, for the local bodies are mere agencies of the state, and there is no contract relation between them and the state to protect them in the enjoyment of their property."

78 C. J. S., Schools, Section 242, states: "The ownership of public school property is in the state or public. School districts or other local school organizations have no power to own public school property, nor may they acquire a vested interest in such property, but, with respect to such school property, are mere agencies of the state. * * *

"Title to school property, as distinguished from actual ownership, however, is, with some exceptions, placed in agencies of the state, the particular agency depending on provisions of statutes or conveyances. Thus, under various statutes title is placed in the school district, boards of education, school trustees, or a municipal subdivision.

"Boards and officers of public schools are merely administrators of public school property and of the affairs of such schools and, in holding public school property, act as trustees of the public, for the sole purpose of promoting the education of the youth of the state."

This Court recognizes the principles of law as stated above. In McGee v. Chickasaw County School Board, 239 Miss. 5, 120 So. 2d 778, this Court held as follows: "One of the questions which arises on this appeal is whether or not the Chickasaw County School Board is a proper party to bring this suit. Under Chapter 29 of the Laws of the Extraordinary Session of the Legislature of 1953, it is provided by Section 1 of the said chapter that 'When any school district now existing or hereafter created under any of the laws of this state shall be dissolved, abolished or discontinued, either as a result of the reorganization and reconstruction of school district * * * or otherwise * * * then all funds, property and other assets which shall belong to such school district at the time of the dissolution or discontinuance thereof shall become the property, funds and assets of the school district to which the territory for-

merly comprising such dissolved district is annexed.' ''
Sections 6328-103 and 6328-104, Code of 1942, Rec.

Section 6328-41, Code of 1942 Rec., provides for the sale of school property. This section states: ''When any school district * * * shall own any land, buildings or other property that is not used for school or related school purposes and not needed in the operation of the schools of the district, the board of trustees * * * may sell and convey such school land, buildings or other property in the manner provided in this Act. * * * .''

The case will, therefore, be affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.